Nov. Term, 1830.

KIPPER
v.
GLANCEY.

*Kinney*, for the plaintiff.
*Farrington*, for the defendant.

---

KIPPER and Others *v.* GLANCEY and Another.

If a person, indebted to several others, absent himself from the state, and leave real estate to which he is entitled in equity, but no property subject to legal process; the creditors may unite in a bill in chancery to have their claims liquidated, and to make the property liable for the amount.

The Court, on overruling a demurrer to a bill in chancery, should give the defendant a reasonable time to make and file his answer.

*Saturday,*
*November* 27.

ERROR to the *Shelby* Circuit Court.

BLACKFORD, J.—This was a bill in chancery, filed by *Joseph Glancey* and *John Kinsley*, in the *Shelby* Circuit Court, against *James P. Kipper, John Kipper, Samuel Kipper*, and *Nathan Bulkley*. Each of the complainants sets forth his separate demand, founded on contract, against *James P. Kipper*. The bill charges that, in 1828, after the debts were contracted, *James P. Kipper* privately removed, with his personal property, to some place

out of the state unknown to the complainants. It states that, in 1824, this defendant paid 100 dollars for a tract of land in *Shelby* county, took the title in the name of one *Stilwell*, without his knowledge, and, in 1826, caused *Stilwell* to convey the land, without consideration, to *Samuel Kipper*. The bill further charges, that *James P. Kipper* purchased a lot in *Shelbyville*, made valuable improvements thereon, and afterwards, in 1825, caused the vendor to convey the same to *John Kipper* without the latter's knowledge. It charges, also, that *James P. Kipper*, in 1826, paid 100 dollars for a tract of land in the said county, and took the title in the name of *John Kipper* without his knowledge. The bill alleges, that *James P. Kipper* has the beneficial interest in this real estate, and that, to defraud his creditors, he caused the legal title to the property to be vested in *Samuel* and *John Kipper*, who are his trustees. The defendant, *Bulkley*, is charged to be, the agent of *James P. Kipper*, and to have money in his hands payable to his principal, arising from the rents and profits of the trust-property. Fraud is charged against all the defendants. The bill prays that the real estate described be sold to satisfy the complainants; or that *Bulkley* be decreed to pay the debts out of the funds in his hands. This bill was demurred to. The Circuit Court overruled the demurrer, and gave the defendants leave to answer further, provided it was done *instanter*. The defendants applied for time to make and file their answer; but the Court refused to give them any time whatever to do so, without the complainants' consent. The defendants not answering *instanter*, the bill was taken *pro confesso*, and a final decree rendered for the complainants.

The objection made to this bill is, that the complainants are not judgment-creditors. It is the general doctrine, certainly, that to reach the equitable interest of the debtor in real estate, by a suit in chancery, the creditor should first obtain a judgment at law; and to obtain assistance in equity as to personal property, both a judgment and an execution must be shown. *Brinkerhoff* v. *Brown*, 4 Johns. Ch. R. 671. One exception to this rule is, where the debtor is deceased. *Thompson et al.* v. *Brown et al.* 4 Johns. Ch. R. 619. Of this class, was the case of *Sweeny et al.* v. *Ferguson*, *May* term, 1828, cited by the defendants in error (1). Another exception to the rule is, where the

Nov. Term, 1830.

KIPPER
v.
GLANCEY.

Nov. Term,
1830.

debtor has absented himself from the state.    This is so decided in the case of *Scott* v. *M'Millen*, 1 Litt. 302.    In this latter case, it is true, there was only one complainant.    It seems to us, however, that the practice should not be confined to the proceeding by a single creditor; but that several may unite in the same bill, under the circumstances of the present case.    This is permitted where judgments are previously obtained; *Brinkerhoff et al.* v. *Brown et al.* 6 Johns. Ch. R. 139; or where the debtor is deceased.    *Thompson et al.* v. *Brown et al.* 4 Johns. Ch. R. 619.    Where the debtor has absconded, the practice should be the same as in the cases to which we have referred.    By absconding from the state, the debtor prevents the proceeding against him at law, and his creditors should be permitted to apply to a Court of chancery, as where judgments have been previously obtained, or the debtor is deceased.    If the absconding debtor leaves property subject to legal process, the creditors may have their demands liquidated, and may procure their respective shares of the proceeds of the property, by means of an attachment.    So, in our opinion, where the property left, and to be made liable, is equitable only, the creditors may unite in a bill in chancery to liquidate their claims, and to effect their common object of establishing the liability of the property.    The objection to the bill, therefore, is insufficient, and the demurrer was correctly overruled.

The Circuit Court, however, committed an error in refusing to give the defendants in that Court any time whatever to make and file their answer, after overruling the demurrer.    A reasonable time should have been given for that purpose.

*Per Curiam.*—The decree is reversed with costs.    Cause remanded, &c.

*Stevens*, for the plaintiffs.
*Fletcher* and *Merrill*, for the defendants.

