Dewey, J.
Barlow, Ames, and Co., sued Latham and Potter in chancery. They allege in their bill, that Latham, a minor, fraudulently represented himself to be of full age; that believing his assertions, they trusted him with necessaries to the amount of $93.00; that he absconded without paying the debt; that he left $200 worth of property in real and personal estate ; that Potter, his regular guardian, had the control of his personal property, and of the rents and profits of his land, amounting to $150; and that Potter refused to pay them. The prayer of the bill is, that the complainants be decreed to be paid their demand out of the funds in the hands of Potter as the guardian of Latham, *or, if the same be insufficient for that purpose, that the real estate be sold, and the proceeds applied to the payment of the debt. Potter demurred to the bill for want of equity. The demurrer was overruled ; and he answered, denying all knowledge of the transactions between the complainants and Latham; admitted his guardianship, and that he had in his hands funds belonging to Latham more than sufficient to pay the complainants’ claim, which he had refused to pay, because he had himself, at all times, furnished his ward with whatever was necessary and proper for him. There was a general replication.
The complainants proved their account, .and that, with the exception of a few items, the articles which they sold to Latham were necessary for a young man in Latham’s situation. They also proved that he had absconded; but they failed to prov*. that he represented himself to be of age. There was an order of publication against Latham, but it was never published. He neither joined in the demurrer to the bill, nor did he answer. The record states that Latham appeared by his guardian Potter, and that the cause was submitted for final hearing “on bill, answer, replication, and depositions.” The Court decreed that Potter, as guardian of Latham, should pay out of the funds of the latter to the complainants the sum of $91.00 and costs.
We shall confine our attention to one of several questions ■which might be raised on this record, that of the jurisdiction of a Court of equity over the subject matter of the bill. We *105 think no such jurisdiction exists. This Court has repeatedly decided that, under certain circumstances, a creditor may in chancery reach the equitable interest of his debtor in real or personal property. Kipper v. Glancey, 2 Blackf., 356; O'Brien v. Coulter, Ib., 421; West v. McCarty, 4 Ib., 244. But in the first and last of these cases it was held, that when the property of an absconding debtor is liable to seizure by foreign attachment, the remedy is at law only. The bill before us presents a case of this kind. It alleges .that Latham left real and personal estate; and it shows no difficulty in the way of reaching it by attachment. The bill must be dismissed.
J. Pitcher, for the plaintiffs.
E. S. Terry, for the defendants.
*Per Curiam.—The decree is reversed with costs.
Cause remanded, with instructions to the Circuit Court to dismiss the bill without prejudice, &c.