Nov. Term,
1858.

LOVE
v.
MIKALS.

LOVE and Others *v.* MIKALS, Administrator.

An administrator may take proceedings to avoid a conveyance of real estate by his decedent, made to defraud his creditors, for the purpose of subjecting such estate to the payment of debts, before he is authorized by the proper Court to sell such real estate, if he show by his complaint that, upon a decree setting aside the conveyance, he will be entitled to an order to sell, which he may do by averring that the personal assets are insufficient to pay the debts.

The complaint, in such case, need not allege that judgments have been rendered upon the claims for the payment of which the real estate is sought to be subjected to sale.

The nature of such claims need not be alleged in the complaint, to set aside the conveyance.

The Circuit Court has jurisdiction of proceedings of this nature.

APPEAL from the *Bartholomew* Circuit Court.

*Friday,*
*December 3.*

DAVISON, J.—*Philip Mikals,* administrator of the estate of *Jacob Fislar,* deceased, filed a complaint in the Circuit Court, alleging that the personal estate of the intestate, amounting to about 150 dollars, was taken and retained by his widow; that, on the 16th of *May,* 1850, *Fislar,* then in life, became indebted to *Mikals,* in his, *Mikals'* own right, 200 dollars, payable at twelve months, and that *Fislar,* when he became so indebted, was the owner in fee, and in possession of lot number 171, in *Columbus,* which was, by him and his wife, on the 13th day of *January,* 1851, with intent to defraud *Mikals,* fraudulently conveyed to *Braxton Love,* without any consideration whatever; that *Love* never took possession of the lot, nor did he ever exercise any control over it; but the possession and control thereof remained in *Fislar* until his death, and since that event, has been occupied by his widow. It is averred that *Mikals,* as administrator of said estate, on the 24th of *January,* 1853, instituted proceedings in the *Bartholomew* Common Pleas, to subject the lot in question to the payment of debts outstanding against the intestate's estate. The relief prayed is, that the conveyance to *Love* be decreed fraudulent as to *Mikals* and others, creditors of said estate, and, as to them, be annulled.

The defendants demurred to the complaint, but their demurrer was overruled. Issues of fact were submitted to

Nov. Term,
1858.

LOVE
v.
MIKALS.

the Court, who found that *Jacob Fislar*, in his lifetime, and on the 13th of *January*, 1851, transferred by deed, to *Braxton Love*, lot number 171, in *Columbus*, with intent to defraud his creditors. And the Court, having refused a new trial, adjudged and decreed that the conveyance for said lot to said *Love*, is fraudulent as to *Fislar's* creditors, and that the same be, and is set aside. The exceptions taken by the defendants, as they appear in the record, relate alone to the action of the Circuit Court, in overruling the demurrer, and in the refusal to grant a new trial.

The complaint is alleged to be defective on three grounds: 1. Because it fails to show that the plaintiff's claim had been reduced to a judgment. 2. The nature of the indebtedness of the estate, whether by note or otherwise, is not stated. 3. It is not averred that plaintiff, as administrator, was authorized, by order of the Common Pleas, to sell the lot in question, for the payment of the intestate's debts.

The books say it is a general doctrine, that to reach the equitable interest of the debtor in real estate, by suit in chancery, the creditor should first obtain a judgment at law; but to this rule there are exceptions, and one is, where the debtor is deceased. *Kipper* v. *Glancey*, 2 Blackf. 356.— *O'Brien* v. *Coulter*, *id.* 421.— *West* v. *M'Carty*, 4 *id.* 244. But it is insisted that the law, as it now stands, does not allow the exception, because as effective means now exist for establishing a claim against a decedent's estate, as for obtaining a judgment against a living debtor. This reasoning, in our opinion, possesses no force. Anterior to the present code, the means of establishing such claim were, in effect, the same as under the rules of procedure now in force. R. S. 1843, p. 521, *et seq.* Indeed, the revision of 1852 seems to allow a creditor to proceed, in the same action, to establish his demand, and set aside a conveyance executed with intent to defeat its collection. It says the plaintiff may unite several causes of action in the same complaint, which are included in either one of certain classes, which it points out, and then proceeds—" When the action arises out of contract, the plaintiff may join such

other matters in his complaint as may be necessary for a complete remedy, and a speedy satisfaction of his judgment, although such matters fall within some one or more of the foregoing classes." 2 R. S. p. 43, §§ 70, 71, 72.

In our opinion, the complaint is not objectionable for its failure to allege that the claim had been reduced to a judgment. Nor is it essential that the nature of the demand should have been alleged; because, being a claim against an intestate's estate, it could not be litigated in the Circuit Court. Of such demands, the Common Pleas has exclusive jurisdiction. 2 R. S. p. 17, § 4. Moreover, the purpose of the action is not to establish a claim, but to set aside, for the benefit of creditors, an alleged fraudulent conveyance; and such being the object, the suit, if at all maintainable, can be maintained without any averment in relation to the nature of the debt.

Section 74, p. 264, of the revision to which we have referred, declares that, "Whenever any administrator, &c., shall discover that the personal estate of the decedent is insufficient to pay the liabilities thereof, the Court having jurisdiction shall order to be sold the whole or any part of the real estate of the deceased, upon such administrator filing a petition therefor," &c. Section 84 enacts that "all lands, and any interest therein, which the decedent in his lifetime may have transferred with intent to defraud his creditors," shall be, as other real estate of the deceased, liable to be sold for the payment of his debts. And section 86 provides that "if the administrator shall be authorized to sell any lands thus fraudulently conveyed, he may before sale obtain possession by an action for the possession thereof, or may file a petition to avoid the fraudulent conveyance." *Id.* pp. 267, 268. The latter section, it is said, requires the administrator to be authorized to sell, by order of the proper Court, before any step can be taken to avoid such conveyance. We are not inclined to adopt this construction. Until the Court so orders, he cannot legally sell; but it can make no material difference whether the order for sale does or does not precede the suit to set aside the conveyance. If the administrator, in his com-

Nov. Term,
1858.

plaint, shows that, upon a decree setting it aside, he will be entitled to the order to sell, which he may do by an averment to the effect that the personal assets belonging to the estate are insufficient to pay its liabilities, the complaint will not, in that respect, be defective.

It is further contended that the facts stated make a case upon which the Circuit Court has no power to adjudicate, and that the decree is, therefore, a nullity. We think differently. The Circuit and Common Pleas Courts have concurrent jurisdiction "in all cases where administrators are plaintiffs." 2 R. S. p. 17, § 8. True, where the purpose of the suit is to establish a claim against the estate, and the administrator is sued in his fiduciary character, the Common Pleas has exclusive jurisdiction; but here, the relief sought is not the adjustment of such claim, but the avoidance of a fraudulent conveyance, in order that land which it covers may be reduced to assets for the payment of outstanding debts against the intestate's estate. For this object, the case made by the complaint, is plainly within the jurisdiction of the Circuit Court; and whether such debts are, or are not, well founded, is a question to be settled by the Common Pleas.

*Per Curiam.*—The judgment is affirmed with costs.

*N. T. Hauser* and *R. Hill*, for the appellants.

*W. F. Pidgeon*, for the appellee.