RUFFING and Another *v.* TILTON and Others.

An assignment of error in this—that judgment was rendered for the appellee when it ought to have been rendered for the appellant—amounts to nothing.

| 12 | 259 |
| 136 | 650 |
| 12 | 259 |
| 140 | 545 |
| 143 | 366 |
| 12 | 259 |
| 148 | 89 |
| 150 | 307 |

May Term,
1859.

RUFFING
v.
TILTON.

If, under any supposable state of the evidence, instructions given would have been correct, it will be presumed, the record not showing the contrary, that such evidence did exist.

In the absence of the evidence, it will be presumed that the action of the Court, in refusing instructions, was correct.

Although the claims of judgment-creditors be several, they may unite in a suit to set aside a fraudulent conveyance, and subject the property to the payment of their judgments. At least, the defendant cannot complain of the joinder.

There is no error in permitting a discussion before the Court, in the presence of the jury, touching the proper form of their verdict.

The jury have a right to find a special verdict, unless otherwise directed by the Court.

A conveyance executed with the intent to defraud creditors, is not rendered valid by the circumstance that it was executed upon an adequate consideration.

If a conveyance be made colorably with intent to defraud existing creditors, it may be avoided by subsequent creditors.

*Saturday,
May 28.*

APPEAL from the *Carroll* Circuit Court.

WORDEN, J.—Complaint by *Tilton* and *Malony* against *Charles* and *John N. Ruffing*, to set aside a conveyance of certain real estate, made by *Charles* to *John N. Ruffing*, on the ground that the conveyance was made to defraud the creditors of said *Charles*, the plaintiffs being such creditors, and having judgment against him. *Margaret Ruffing*, formerly wife of *Charles*, on her petition setting up a divorce from said *Charles*, and a decree against him for alimony, was made a party plaintiff, asking that the conveyance be set aside and her alimony made out of the premises.

There was a default as to *Charles*, but *John N.* appeared and answered. Issues were made up, and the cause tried by a jury, which resulted in a verdict and judgment for the plaintiffs, over a motion for a new trial.

Exception was taken to several rulings of the Court on demurrers, but no error is assigned upon these rulings.

The errors asssigned are as follows, viz.:

1. "Judgment was rendered for the appellees when it ought to have been rendered for the appellants.

2. "The Court erred in giving the instructions asked for by the appellees, and in refusing instructions asked for by the appellants.

May Term,
1859.

RUFFING
v.
TILTON.

3. "The Court erred in refusing a new trial for the causes assigned."

The first assignment is too general, and amounts to nothing.  *Kimball* v. *Sloss*, 7 Ind. R. 589.—*King* v. *Wilkins*, 10 *id.* 216.

The evidence is not set out, and, therefore, we must presume that the instructions refused were inapplicable to the facts proven, and were therefore refused, if correct in the abstract.  *Woolley* v. *The State*, 8 Ind. R. 502.

The instructions given, if not all entirely correct, are so in the main, and some of them are very clearly so.  We cannot say that any of them are wrong under any supposable state of facts that might have been shown.

It is well settled that if, under any supposable state of the evidence, the instructions given could have been correct, it will be presumed, the record not showing the contrary, that that state did exist.  Ind. Dig., p. 684, § 430. Some of the instructions asked were refused as asked, but given as modified by the Court.  In the absence of the testimony, we presume the instructions, as asked, were properly refused.

The last error assigned relates to the ruling of the Court on the motion for a new trial.

The following are the reasons for which a new trial was asked, viz.:

1. "The Court erred in permitting the said *Margaret Ruffing* to be made a co-plaintiff.

2. "The verdict is contrary to law and the evidence in the case.

3. "The Court erred in refusing to give the instructions asked for by the defendant, as asked for, which were refused.

4. "The Court erred in giving the instructions asked for by plaintiff.

5. "The verdict of the jury is contrary to the instructions of the Court and the evidence in the cause.

6. "The Court erred in permitting an argument, by the counsel for the plaintiff to the Court, as to the form of the verdict, in presence of the jury, after they had been returned

into Court and polled, and some of them had dissented from the verdict.

7. "Because the jury did not find whether the deed of conveyance from *Charles Ruffing* to *John N. Ruffing*, for the premises referred to in the complaint was a *bona fide* deed, executed for a valuable and fair consideration."

The first reason for a new trial, we think, is insufficient, even on the supposition that a motion for a new trial was the remedy for the supposed error. Although the claims of the plaintiffs, *Tilton* and *Malony*, and *Margaret Ruffing*, were several and not joint, yet they were judgment creditors, and had a right to unite in a suit to set aside the fraudulent conveyance, and subject the property to the payment of their judgments. *Kipper* v. *Glancey*, 2 Blackf. 356. At least, the defendants had no right to complain of her being made a party plaintiff. The other plaintiffs, if any one, were the persons injured by her coming in as a party, and they do not complain.

The second reason we will consider in connection with the seventh.

What we have said already, disposes of the third and fourth. The evidence not being before us, we have no means of determining whether there is anything in the fifth; but we must presume that the verdict is in accordance with the instructions of the Court, and the evidence in the cause.

The sixth reason for a new trial grows out of the following facts, as appears by the record. The jury returned into Court with a verdict, and upon being polled, some of them dissented from it. This verdict was not received. Thereupon, the Court permitted counsel for the plaintiffs to address the Court in the presence of the jury, as to the form of the verdict, to which exception was taken. Thereupon, the jury, after receiving additional instructions as to the form of their verdict, retired, and afterwards returned into Court with the verdict contained in the record, and, upon being polled, all assented thereto.

We are unable to perceive any error in permitting a discussion before the Court in the presence of the jury, as to

the proper form of their verdict. Such discussion, certainly, would not necessarily prejudice the substantial rights of the parties, and if any injury has resulted in this case, it is not shown. This point is abandoned by counsel, as it is not discussed by them, in their brief.

There was no general verdict found by the jury, but they returned the following special verdict in response to interrogatories put to them, viz.:

"The jury find that *Charles Ruffing* conveyed said premises to the said *John N. Ruffing*, for the purpose of defrauding his creditors; that said *John N. Ruffing* had knowledge of the fraudulent intentions of said *Charles Ruffing*; and that *John N. Ruffing* is still in possession of the premises alleged to have been thus fraudulently conveyed to him by said *Charles*.

"The jury find that said *Charles* did, at the time of making said deed, intend to abandon his wife; and that he executed said deed for the purpose of defrauding his wife out of her alimony; and the jury further find, that the said *John N. Ruffing* did make promises to the said *Margaret Ruffing* to procure her signature to the deed, without which promises, she would not have signed the deed.

"The jury find that said *Charles* afterwards abandoned his said wife, *Margaret Ruffing*, in pursuance of his intention at the time of the execution of the deed of conveyance by himself to *John N. Ruffing*; that *Margaret* afterwards obtained, in the *Carroll* Circuit Court, a decree of divorce, and for alimony, against said *Charles*, and upon her application, in consequence of such abandonment.

"The jury find that plaintiffs, *Tilton* and *Malony*, obtained judgment in the *Carroll* Circuit Court, against said *Charles*, on their debt against him for the sum of 368 dollars, 44 cents, on the 28th of *August*, 1852; that *Margaret* obtained her decree against *Charles* for alimony, to the amount of 600 dollars, on the 8th of *May*, 1854; and that at the commencement of the suit, said *Charles* had no other property out of which plaintiff's claim could be made."

Is this verdict contrary to law, as specified in the second reason for a new trial? or is it bad because the jury did not find whether the deed of conveyance from *Charles Ruffing* for the premises, &c., was a *bona fide* deed, executed for a valuable and fair consideration, as specified in the seventh reason for a new trial.

The verdict is a special one, by which the jury found the facts only, leaving the judgment thereon to the Court. Such a verdict, the jury had a right to find, unless otherwise directed by the Court. 2 R. S. p. 114, § 336.

It is objected that the special verdict does not authorize the judgment in favor of *Margaret Ruffing*, because it does not find sufficient for that purpose. It finds that the property was conveyed by said *Charles*, for the purpose of defrauding his creditors, and that *John N.* had knowledge of such fraudulent intent. It also finds that at the time of executing the conveyance, said *Charles* intended to abandon his wife, and executed the deed for the purpose of defrauding her of her alimony; but it does not find that *John N.* had any knowledge of the latter contemplated fraud. This, it is insisted, is not sufficient to authorize a judgment in favor of *Margaret*, in the absence of any finding upon the question whether the deed was executed for a valuable and fair consideration.

A conveyance executed with the intent to defraud creditors, is not rendered valid by the circumstance that it was executed upon an adequate consideration. *Rogers* v. *Evans*, 3 Ind. R. 574.

*Margaret*, at the time of the execution of the conveyance, could not, perhaps, be considered a creditor; but it is said to be clear, that if a conveyance be made colorably with intent to defraud any existing creditor or creditors, it may be avoided by subsequent creditors; in other words, that evidence of collusion against existing creditors is sufficient evidence of fraud against subsequent creditors. 1 Am. Lead. Cases, 71, and authorities there cited.

*Margaret* became a creditor when she obtained her decree for alimony; and according to the above authority, she would have been entitled to have the conveyance set

May Term,
1859.

RUFFING
v.
TILTON.

aside, although there had been no finding that it was made with an intent to defraud her.

Here, the jury have found the fraudulent collusion between *Charles* and *John N.*, to defraud creditors then existing, and that is sufficient evidence against *John N.*, to fix upon him a knowledge of the fraudulent intent of said *Charles* in respect to said *Margaret.* When he purchased, *John N.* was apprised that the designs of his grantor were fraudulent, and having such knowledge, he participated in the fraud by taking a conveyance of the property, and he cannot be permitted to say that he was not apprised of the full extent of his vendor's fraudulent designs. In this view of the case it is wholly immaterial whether the conveyance was voluntary, or made upon an adequate consideration.

We think the verdict was sufficient to authorize the judgment in favor of *Margaret Ruffing* as well as the other plaintiffs in the case.

But it is objected, that as *Margaret* joined in the deed of conveyance with *Charles*, knowing the same to have been made with intent to defraud creditors, she cannot now be permitted to take advantage of her own wrong, and ask the conveyance to be set aside for her own benefit.

In answer to this, it may be remarked that it nowhere appears that *Margaret*, at the time of the execution of the conveyance, was apprised of the fraudulent intent of her said husband. In her petition to be made plaintiff in the case, she alleges the conveyance to have been fraudulent; but no just interpretation of the language employed leads to the conclusion that she was cognizant of that fact at the time the conveyance was executed.

We have examined all the errors assigned, and are of opinion that none of them is sufficient to reverse the judgment. Some other points are made in the brief of counsel, but not being assigned for error, we have not examined them.

May Term,
1859.

*Per Curiam.*—The judgment is affirmed with 3 per cent. damages and costs.

*J. F. Suit* and *J. M. Cowan,* for the appellants.

*S. A. Huff, Z. Baird, J. M. La Rue,* and *Sims* and *Sims,* for the appellees.