### Hess and Others *v.* Hess' Administrator.

The administrator or executor of a deceased fraudulent assignor of choses in action, may recover such choses in action, or their value, from the fraudulent assignee, for the purpose of applying the proceeds to the payment of the debts of the assignor, but to do this, he must allege and prove that the proceeds thereof are necessary to pay said debts; and such personal representative can not recover, as aforesaid, for the purpose of distribution to the heirs of such assignor, because such assignment, although fraudulent, is good against the assignor and his heirs.

APPEAL from the *Morgan* Circuit Court.

DAVISON, J.—The appellee, as administrator of *Charles Hess,* deceased, brought an action against *Christian Hess, John Trucksess,* and *Christian Newcomer,* alleging, in his complaint, that the defendant, *Trucksess,* was indebted to the decedent, by four notes of five hundred dollars each, secured by mortgage on real estate; that said decedent, then in life, was largely indebted, and, with intent to defraud his creditors, assigned said mortgage and notes to the defendant, *Christian Hess,* who now holds them, and that plaintiff, as such administrator, on, etc., at, etc., demanded the aforesaid notes and mortgage of *Christian Hess,* but he refused to deliver them, etc.; that *Trucksess* had sold the mortgaged premises to the defendant, *Newcomer,* who had assumed to pay the debt, and that the outstanding claims against the

decedent's estate amount, in the aggregate, to two thousand five hundred dollars. The relief sought is, that the transfer of the notes and mortgage be set aside, and that the defendants be required to account to the plaintiff as administrator, and pay over to him the unpaid balance, to be applied to the payment of debts, etc. Defendants demurred to the complaint; but the demurrer was overruled, and they excepted. The issues were submitted to a jury, who found for the plaintiff. Motion for a new trial denied, and judgment, etc.

The complaint is said to be defective, because it fails to allege a want of assets in the hands of the administrator, sufficient to pay the outstanding claims against the estate. Is this position correct? An assignment of property, though it be fraudulent, is good against the assignor and his heirs; hence the administrator would have no right, in this instance, to recover for the purpose of distribution, to the heirs of the decedent, under the intestate law. So far, however, as he represents the rights of creditors, he can, in a proper case, maintain an action against such fraudulent assignee; but to do this, he must allege and prove a necessity for the proceeding. If the assets in his hands are sufficient to satisfy the creditors, such assignment must be deemed valid, because it is invalid, only, as against creditors. *Law* v. *Smith,* 4 Ind. 56. For aught that appears in the complaint before us, the assets in the hands of the administrator, are, in point of amount, equal to the claims against the estate, and the result is, the ruling upon the demurrer was incorrect.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*J. E. McDonald* and *A. L. Roache,* for the appellants.
*Harrison* and *Nave,* for the appellees.