Martin *v*. Bolton, Administrator.

---

NO. 7940.

## MARTIN *v*. BOLTON, ADM'R.

DECEDENTS' ESTATES.—*Fraudulent Mortgage.—Action to Set Aside.*—The administrator of a decedent's estate can maintain an action to set aside a mortgage of personal property, and an assignment of a certificate of purchase of real estate, fraudulently obtained from the decedent, where such property is necessary for the payment of the debts of the estate.

Martin *v.* Bolton, Administrator.

SAME.—*Pleading.*— *Complaint.*—*Repayment.*—Where, in such action, the complaint does not show that any consideration was paid to the decedent for the mortgage or assignment, an averment of repayment is not necessary to the sufficiency of the complaint.

From the Warren Circuit Court.

*J. McCabe,* for appellant.

*J. M. Rabb,* for appellee.

FRANKLIN, C.—Appellee, as administrator of the estate of Stephen Lally, sued appellant to set aside a mortgage on personal property, and an assignment of a certificate of purchase of school lands, executed by deceased in his lifetime, alleging in his complaint that the execution of the mortgage and assignment was procured by the fraud of appellant, and done to defraud deceased and his creditors, setting out the facts constituting the fraud, and averring that deceased, at the time of their execution, was of unsound mind; that appellant had taken advantage of the unsoundness of deceased's mind to consummate the fraud aforesaid; that said certificate and mortgage covered all the property deceased owned at the time of his death, except about $40.00 worth, and that deceased was then indebted in the sum of over $600; that nothing was paid by appellant in consideration of the execution of the mortgage and assignment of the certificate; that the property mortgaged and assigned was worth over $1,000.

Appellant demurred to the complaint; demurrer overruled, and an answer in denial filed; trial by jury; verdict for appellee; motion for a new trial overruled; rulings excepted to, and judgment for appellee.

The errors assigned in this court are:

1st. Overruling the demurrer to the complaint;

2d. Overruling the motion for a new trial;

3d. Want of sufficient facts in complaint.

In support of the 1st and 3d assignments we have been referred to the following authorities: *Garner* v. *Graves,*

Martin *v.* Bolton, Administrator.

54 Ind. 188 ; *Love* v. *Mikals*, 11 Ind. 227. The first one of these cases is not applicable to the case under consideration. The complaint in that case contained no averment of any indebtedness of the estate, for which this court decided that the administrator could not maintain the action. In this case there was an averment of that kind, and the complaint in this case further showed that a sale of this property was necessary for the payment of the debts of the estate. The case referred to in 11 Ind. 227 supports the complaint in this case. We have also been referred, by appellant's counsel, to the following cases : *Musselman* v. *Cravens*, 47 Ind. 1 ; *Crouse* v. *Holman*, 19 Ind. 30 ; *Devin* v. *Scott*, 34 Ind. 67. These cases do not affect the sufficiency of this complaint. All they decide is, that contracts made with persons, not adjudged of unsound mind, are only voidable ; while contracts made with persons so adjudged are void. The complaint is sufficient without the allegation of unsoundness of mind, and that is only alleged as a means by which appellant was enabled to consummate the fraud. It is insisted that the complaint does not aver a repayment of the consideration, and that it is bad for that reason. It does not show that anything was paid, but rather that nothing was paid, and it was, therefore, not necessary to aver a repayment.

The evidence is not in the record, and no question is presented on the motion for a new trial. We see no error in this record.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and the same is hereby, in all things affirmed, at appellant's costs.