Johnson v. Jones, Adm'r.

---

No. 7957.

## JOHNSON v. JONES, ADM'R.

DECEDENTS' ESTATES.—*Fraudulent Surrender of Choses in Action.*—*Administrator's Right to Sue.*—*Complaint.*—An administrator, in his fiduciary capacity, as trustee for the creditors, may maintain an action on notes and mortgages surrendered by his intestate without consideration, to defraud creditors; but his complaint must show that his intestate, at the time of the alleged fraudulent transfer, had no other property subject to execution, sufficient to pay his debts.

SAME.—*Pleading.*—*Disposition of Assets by Administratrix.*—In such action, by an administrator *de bonis non*, a complaint alleging that the administratrix, who was the widow, resigned without having administered upon any part of the estate; that the personal estate, except the note sued on, did not exceed five hundred dollars; that the debts amounted to $6,500,

and that the decedent died seized of no other property either real or personal, sufficiently shows that the administratrix had made no disposition of any portion of the assets that could have been applied to the payment of debts.

SAME.—*Creditor.—Judgment and Execution.*—The rule requiring the creditor to proceed with his judgment and execution does not apply where the debtor has deceased.

SUPREME COURT.—*Rehearing.*—New questions will not be considered by the Supreme Court on petition for a rehearing.

From the Montgomery Circuit Court.

*R. P. Davidson, J. C. Davidson, L. McClurg* and *J. V. Kent,* for appellant.

*M. Jones, J. L. Miller* and *J. R. Coffroth,* for appellee.

FRANKLIN, C.—The appellee, as administrator of the estate of William A. Fowler, deceased, brought this action against the appellant, seeking, in the first paragraph of his complaint, to set aside a conveyance of lands by said Fowler in his lifetime, to the appellant, on the alleged ground that it had been made to defraud creditors, and in the second paragraph to cancel the surrender of certain promissory notes which had been executed for and in consideration of a part of the same lands mentioned in the first paragraph, and to cancel the satisfaction of a mortgage which had been given by the appellant to secure the payment of said notes, and seeking to obtain a judgment upon said notes and a decree of foreclosure of the mortgage, on the ground that said notes had been surrendered by the appellee's intestate, and said mortgage entered satisfied, with the fraudulent intent to cheat and defraud the intestate's creditors, of which intent the appellant had, as is alleged, notice, and in which he participated; that said notes were not paid, but surrendered without any consideration whatever.

The action was commenced in the circuit court of Clinton county, from which the venue was changed to the county of Boone, where a trial by jury was had, resulting in a verdict for plaintiff on the first paragraph of the complaint, which was set aside by the court, and a new trial granted. The venue

of the cause was then changed to the county of Montgomery, where a second trial was had, resulting in a judgment for the defendant. From this judgment an appeal was taken by the plaintiff (appellee here) to this court, where it was reversed, upon the ground that the judge had gone into the jury-room in the absence of the parties, and had there given the jury certain oral instructions, during the deliberations of the jury. See *Jones* v. *Johnson*, 61 Ind. 257.

Upon the second trial, the appellee dismissed his cause of action upon the first paragraph of the complaint, and proceeded upon the second only. Upon the return of the cause from this court, it was again tried before the court, a jury being waived, and, at this last trial, a finding and judgment thereon were entered against the appellant, from which he now appeals.

In the Clinton Circuit Court, at the proper time, the appellant demurred to the second paragraph of the complaint, first, because of want of facts, and, second, because of misjoinder of causes of action. His demurrer was overruled, to which ruling he reserved an exception.

Motions for a new trial, in arrest of judgment, for judgment notwithstanding the finding, and for judgment on the pleadings for appellant, were each overruled, and exceptions reserved.

Appellant has assigned in this court the following alleged errors in the court below:

1st. Overruling demurrer to second paragraph of complaint.

2d. Overruling motion for a new trial.

3d. Overruling motion for judgment notwithstanding the finding.

4th. Overruling motion in arrest of judgment.

5th. In rendering judgment for appellee.

Appellant's counsel have not referred to, discussed or insisted upon any of the foregoing errors assigned, except the first, and rest their whole claim for a reversal of the judgment on account of the alleged insufficiency of the second paragraph of the complaint. All the other objections to the judgment are therefore waived.

The first objection made to this paragraph of the complaint is, that it does not show that the widow, the former administratrix, had not received ample assets to have paid all the debts, and what disposition she had made of what she did receive. While the averments in the complaint are not very explicit upon this point, we think it shows enough; it states that the "widow resigned without having executed any part of said estate, and left the matters and things alleged in this complaint unadministered upon and wholly unpaid or settled; that the personal estate (except as hereinafter mentioned)" (referring to the notes and mortgage afterward named), "does not exceed $500; that the debts of the estate amounted to $6,500." And, after naming the notes and mortgage, avers " that said decedent died seized of no other property, either real or personal, except as aforesaid." We think these averments sufficiently show that the widow, as such administratrix, had made no disposition whatever of any portion of the assets of the estate.

Deceased died January 6th, 1873. Appellee was appointed administrator October 4th, 1873. The notes and mortgage were executed on the 5th day of April, 1871. They were cancelled and the mortgage record entered satisfied July 13th, 1872. And this $6,500 of indebtedness existed at the date of the cancellation and satisfaction.

It is further urged as an objection to this complaint, that the property, the alleged fraudulent transfer of which is sought to be set aside and cancelled, was not subject to execution, and, therefore, the action could not be maintained. And quite a number of authorities are cited in support of this objection.

Appellant in his brief states the following proposition: That "no creditor can be said to be delayed, hindered or defrauded by any conveyance until some property, out of which he has a specific right to satisfaction, is withdrawn from his reach by a fraudulent conveyance."

In 1 Story's Equity Jurisprudence, sections 366 and 367, the following language is used: "The point intended to

be suggested is this, whether, in order to make a conveyance void, as against existing creditors, it is indispensable that it should make a transfer of property, which could be taken in execution by the creditors, or compulsorily applied to the payment of the debts of the grantor; or whether the rule equally applies to the conveyance of any property whatsoever of the grantor, although not directly so applicable to the discharge of debts." And, after referring to the English statute of 13th Elizabeth, the author adds: "That a voluntary conveyance of property not so subject, could not be injurious to creditors, nor within the purview of the statute, because it would not withdraw any fund from their power, which the law had not already withdrawn from it. And that would be a strange anomaly, to declare that to be a fraud upon creditors, which in no respect varied their rights or remedies. Hence, it has been decided that a voluntary settlement of stock, or of choses in action, or of copyholds, or of any other property, not liable to execution, is good, whatever may be the state and condition of the party as to debts."

And the same doctrine has been held to in this court. In the case of *Shaw* v. *Aveline*, 5 Ind. 380, the court quoted the following language: "In an abstract view, it may appear proper to extend the remedy in favor of creditors to every chose in action of the debtor. But such power has not been conferred on the courts; and it will be the appropriate office of legislative provision to afford such a remedy;" and said: "Whenever the power is deemed desirable, it is better that the Legislature confer it, than that the courts should assume it. It is said in *Lorman* v. *Clarke*, *supra*, to be a reproach to our jurisprudence that the debtor should be able to secrete his property from execution. But if a reproach, it seems rather to be so to the legislative than the judicial department." This case was followed by the cases of *Totten* v. *McManus*, 5 Ind. 407; *Stewart* v. *English*, 6 Ind. 176; *Peoples* v. *Stanley*, 6 Ind. 410; *Williams* v. *Reynolds*, 7 Ind. 622. All of which

were quoted approvingly in the case of *Scott* v. *The Indianapolis Wagon Works*, 48 Ind. 75. But the court held in this last case that stock in an incorporated company could be reached by a complaint under the provisions of our statute, making it subject to execution.

The doctrine appears to be well settled, that, when a debt can not be coercively collected out of property, a fraudulent transfer of that property can not be interfered with by the creditor.

And prior to the adoption of our code of procedure, a creditor's bill and an attachment and garnishment were the only remedies by which to interfere with fraudulent conveyances. Since its adoption and the distinction between actions at law and suits in equity has been abolished, the rules in relation to a creditor's bill have been somewhat modified. The creditor no longer has to obtain his judgment at law before he can file his creditor's bill to subject property, fraudulently conveyed, to the payment of his debt. He may now combine the two in the same action. And our Legislature has attempted to provide remedies for some of the deficiencies of the old chancery creditor's bill, by providing for proceedings supplemental to execution, by which the creditor, if he can not reach the choses in action of his debtor, can reach the indebtedness of which the choses in action are but the evidences.

Section 17 of the statute of frauds and perjuries, 1 R. S. 1876, p. 506, provides that "All conveyances or assignments in writing or otherwise, of any estate in lands, or of goods, or things in action, every charge upon lands, goods, or things in action, and all bonds, contracts, evidences of debt, judgments, decrees, made or suffered with the intent to hinder, delay, or defraud creditors, or other persons of their lawful damages, forfeitures, debts, or demands, shall be void as to the person sought to be defrauded."

Under this provision of our statutes, if these notes were transferred and surrendered to be cancelled, and the mortgage entered satisfied, without any consideration whatever, for the

purpose of defrauding creditors, as is charged in the complaint, then the rights of the parties stand as though no such transfer, surrender, cancellation and satisfaction had taken place; and, so far as the rights of creditors are concerned, the debt was still due the deceased at the time of his death.

The rule requiring the creditor to proceed with his judgment and execution does not apply where the debtor has deceased. *Kipper* v. *Glancey*, 2 Blackf. 356; *O'Brien* v. *Coulter*, 2 Blackf. 421; *Love* v. *Mikals*, 11 Ind. 227.

We have an express provision by statute, that an administrator may proceed to set aside a fraudulent conveyance, by deceased, of real estate, for the purpose of making it assets in his hands for the payment of debts. 2 R. S. 1876, p. 527, 3d clause of 84th section. We also have another provision in the statute upon the settlement of decedents' estates, 2 R. S. 1876, p. 546, section 151, which reads as follows: "Every executor or administrator shall have full power to maintain any suit in any court of competent jurisdiction, in his name as such executor or administrator, for any demand of whatever nature due the decedent in his lifetime."

This transfer and cancellation, being fraudulent against creditors, still remained due the decedent at his death.

No question is raised as to the right of the administrator to sue, if the subject-matter of the suit will authorize an action. It is insisted by appellant that the case of *Burt* v. *Hœttinger*, 28 Ind. 214, prevents the statutory provisions for proceedings supplemental to execution from remedying the defects of the old creditor's bill, because, under those provisions, the fraud could not be enquired into. This case is very modestly criticised in the case of *Scott* v. *The Indianapolis Wagon Works*, 48 Ind. 75, by calling it "an apparent ruling." But in the case of *The Toledo, etc., R. W. Co.* v. *Howes*, 68 Ind. 458, it is squarely overruled. That leaves this remedy in force to coerce the collection of a debt from an indebtedness coming to the debtor, the evidences of which (the choses in action), have been fraudulently transferred by the debtor. See the case

of *Sherman* v. *Carvill*, 73 Ind. 126. And the enforcement of this remedy is not in conflict with the rule stated in Bump on Fraudulent Conveyances and Story's Equity Jurisprudence, *supra*.

We think the administrator as trustee for the creditors, in his fiduciary capacity, can maintain this action. *Love* v. *Mikals*, 11 Ind. 227; *Hess* v. *Hess' Adm'r*, 19 Ind. 238; *Garner* v. *Graves*, 54 Ind. 188; *Martin* v. *Root*, 17 Mass. 222; *Gibbens* v. *Peeler*, 8 Pick. 254; *Holland* v. *Cruft*, 20 Pick. 321; *Wall* v. *Provident Institution, etc.*, 6 Allen, 320; *Babcock* v. *Booth*, 2 Hill, 181; *Bate* v. *Graham*, 11 N. Y. 237. A man has no right to give away his assets to his friends or relatives, without reserving property enough to pay his just debts. He must be just before he can be generous.

The other objection urged to the complaint is, that it contains no averment that the deceased, at the time of the alleged fraudulent transfer of the choses in action, had no other property subject to execution sufficient to pay his debts. There is no averment in the second paragraph of the complaint upon this subject; and we think this omission is a fatal objection to it. This point has been frequently decided by this court, and it may now be regarded as well settled in relation to a complaint to set aside a fraudulent conveyance of real estate, that in order to be good it must contain such an averment. And we see no reason why the same rule should not obtain in a complaint to set aside a fraudulent transfer of personal property. See *Wedekind* v. *Parsons*, 64 Ind. 290, in which some twelve cases in this court are cited in support thereof, and which need not be repeated here. *Rose* v. *Colter*, 76 Ind. 570; *Noble* v. *Hines*, 72 Ind. 12.

However long this case may have been in court, for the last named reason, we feel constrained by the rules of the law, to hold that the court below erred in overruling the demurrer to the second paragraph of the complaint. And for this error the judgment below must be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing

opinion, that the judgment below be, and the same is hereby, in all things reversed, at appellee's costs; and that this cause be remanded to the court below, with instructions to sustain the demurrer to the second paragraph of the complaint and for further proceedings in accordance with this opinion.

## ON PETITION FOR A REHEARING.

FRANKLIN, C.—Counsel for appellee earnestly insist that this court erred in holding that the court below erred in over-ruling the demurrer to the second paragraph of the complaint, for two reasons: First. That, while it was not good to set aside a fraudulent transfer of property, it was sufficient to obtain judgment on the notes and a foreclosure of the mortgage by the administrator as the representative of the deceased. Second. That this cause has heretofore been passed upon by this court, and that no question which existed prior to said decision can now be raised in this court.

The cause of action was dismissed as to the first paragraph of the complaint, and the trial was had alone upon the second paragraph.

While the first paragraph contained an allegation, that, at the time of the cancellation and surrender of the notes by deceased to appellant, deceased was of unsound mind, there was no such allegation in the second paragraph. The averments in this are, that he was weak and feeble in mind and body, and that he conspired with the defendant to defraud, cheat, hinder and delay his creditors. There is no charge in this paragraph that the defendant had practiced a fraud upon the deceased. Under the allegations of this paragraph, had the deceased been living, he could not have maintained an action on the notes and for a foreclosure; neither can the plaintiff as his representative.

The only cause of action set out in this paragraph is in favor of appellee as the representative of deceased's creditors. And appellee's counsel admit that it was insufficient for that purpose, for the reason that it did not aver the insolvency of

the deceased, and that he did not reserve property enough to pay all his debts at the time of the alleged fraudulent transfer, and had not so much property at the time of his death. We think there was no error in holding that the court below erred in overruling the demurrer to this paragraph.

As to the second reason, that question was not noticed by the counsel for appellee in their original brief. And it is a rule of this court that new questions in a petition for a rehearing will not be considered when they are such as might have been presented on the original hearing. *Liberty Tp., etc., Association* v. *Watkins,* 72 Ind. 459; *Board, etc.,* v. *Hall,* 70 Ind. 469; *Danenhoffer* v. *The State, ante,* p. 75.

We think the original decision ought to be adhered to.

Per Curiam.—The petition for a rehearing is overruled, at appellee's costs.