May Term,
1856.

WILLIAMS
v.
REYNOLDS.

---

## WILLIAMS and Another *v.* REYNOLDS.

A Court of equity, as a general rule, has no jurisdiction to subject choses in action to the payment of debts. When the title to personal property which really belongs to an execution defendant, is clouded, or vested in another person, so that the lien of the execution will not attach, equity will come to the aid of the execution and perfect the title; but as equity, in these cases, acts only in aid of the law, it will interfere only as to such property as, if the title thereof were actually in the execution-defendant, would be liable to sale on an execution at law; unless, indeed, some special ground of equity jurisdiction be shown, as fraud, trust, &c.

*Friday,*
*June 13.*

APPEAL from the *Tippecanoe* Circuit Court.

DAVISON, J.—Bill in chancery by the appellee against

the appellants. The facts presented by the bill are, in sub-
stance, as follows:

On the 20th of *June*, 1838, *Runnion, Phares* and *Win-*
*ters* gave their promissory note to *Williams* (one of the ap-
pellants) for 3,441 dollars, payable in twelve months, and
to secure the payment thereof, they executed to him a mort-
gage on a certain tract of land in *Tippecanoe* county, and
also on certain town lots in *Americus*, in said county. On
the 28th of· *March*, 1840, *Williams, Runnion, Phares, Win-*
*ters* and *Reynolds* (the appellee) executed an agreement in
reference to said note and real estate, which is as follows:
Whereas *Runnion, Phares* and *Winters* are indebted to *M.*
*D. Williams* in about the sum of 3,800 dollars (principal
and interest), more or less, on a note secured by mortgage
on certain lands, supposed to be about 170 acres, and also
on certain town lots in *Americus;* and whereas, by arrange-
ment between the parties, *Williams* is to receive, in liqui-
dation of his debt, 2,000 dollars, to be paid by three equal
instalments, in three notes drawn by *Runnion, Phares* and
*Winters*, and indorsed by *Reynolds*, payable in one, two
and three years from this date, with interest, and for the
balance of his debt, said *Williams* is to receive said lands in
payment at 10 dollars per acre, so far as they will go, and
for the balance a sufficient number of said town lots, at
10 dollars per lot (said *Williams, Runnion, Phares* and
*Winters* to choose a lot alternately, *Williams* having the
first choice till a sufficient number are chosen), said pay-
ments to be considered as made at this date; and whereas
it is understood that *Williams* (with the assent of all the
parties hereby expressed) is to transfer all his interest in
the residue of said town lots to said *Reynolds*, and *Wil-*
*liams* is to foreclose his mortgage on said land and such of
said lots as may be chosen as aforesaid, and to take such
decree of foreclosure in full satisfaction of his debt; there-
fore, in witness, &c.

According to the said agreement, the appellee became
the indorser of three notes, for the aggregate sum of 2,000
dollars, drawn by *Runnion, Phares* and *Winters*, and paya-
ble to *Williams*, in one, two and three years, and it is al-

leged that at the date of the agreement, there was due and owing from *Runnion*, *Phares* and *Winters* to *Williams* 3,600 dollars and 40 cents and no more; and that upon actual measurement the land described in said mortgage was found to be one hundred and seventy-one acres and fourteen-hundredths of an acre, which, at 10 dollars per acre amounted to 1,711 dollars and 40 cents, which, when added to the amount of said three notes, would make 3,711 dollars and 40 cents, being 111 dollars and 40 cents over the amount due said *Williams* at the date of said agreement; that the appellee was compelled, as indorser of said notes, to pay the same, with interest, to said *Williams;* that *Runnion*, *Phares* and *Winters* are insolvent, and the money by him paid to *Williams*, as indorser for them, remains wholly unpaid. *Williams* purchased the lands at sheriff's sale, under a decree of foreclosure, and on the 11th of *June*, 1849, sold and conveyed the same to said *Stockwell*, who still owes *Williams* a balance of the purchase-money, amounting to 1,026 dollars and 50 cents. *Williams* resides in *Virginia;* and it is alleged that if the money so due from *Stockwell* should be paid over to *Williams*, the appellee will be without remedy in the premises. The bill prays for an injunction, &c., and that, on a final hearing, the Court decree that *Williams*, out of said sum of 1,026 dollars, pay to the appellee the said 111 dollars and 40 cents, with interest from the 28th day of *March*, 1840, and for general relief, &c.

The appellants demurred to the bill. The Court overruled the demurrer, and rendered a final decree for the appellee in accordance with the prayer of the bill.

It will be observed that the plaintiff in the bill does not seek, as by virtue of the agreement copied perhaps he might, to be subrogated generally to the rights of the mortgagee, as to the remaining interest covered by the mortgage. He does not ask for the benefit of the lots in *Americus*. He rather claims to subject to the payment of his demand the 111 dollars overplus on the farm as a chose in action. In this view, his bill is not sustainable. Choses in action can not, as the general rule, be subjected to exe-

May Term,
1856.

cution. *The Unknown Heirs, &c.,* v. *Kimball,* 4 Ind. R. 546.—*Totten* v. *McManus,* 5 *id.* 407, and cases cited. The principle is stated in the case of " *The Unknown Heirs,*" *supra,* and need not here be elaborated. Equity, in such cases, only comes in aid of the execution at law. Real estate is subject to execution. When, therefore, a party obtains a judgment and execution against a defendant, he is entitled to enforce them against the real estate of such defendant. But if the title to such estate is clouded or vested in another, so that the lien of the judgment will not attach, and the legal title can not be conveyed on an execution sale, equity comes to the aid of the execution at law, and perfects the title. So, as to personal property. But as equity is, in these cases, simply in aid of the law, it interferes only as to such property as is liable to sale on execution at law, when the title is actually in the execution defendant, unless there be some special ground of equity jurisdiction, as fraud, trust, &c. When the decree in this case was rendered, at all events, the right to the 111 dollars mentioned in the bill could not have been taken on execution at law against *Williams,* under any circumstances. It was not of a species of property subject to execution. Perhaps it is not now, except by the consent of the owner. See 2 R. S., pp. 134, 136, ss. 433, 438.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*E. H. Brackett* and *G. S. Orth,* for the appellants.
*R. C. Gregory* and *R. Jones,* for the appellee.

