LEVI BOUTWELL v. WILLIAM F. McCLURE, *and Trustee*, JOSEPH F. McCLURE, *and Claimant*, WALTER CARPENTER.

*Trustee process.    Claimant.    Fraudulent conveyance.    Evidence.*

It appeared that by an arrangement between the principal defendant, the trustee, and the claimant, made for the purpose of protecting the former's property from attachment by his creditors, the claimant held himself out as the owner of the defendant's property, and executed a fictitious bill of sale thereof to the trustee, and delivered the property to him and took his note therefor. *Held*, that this transaction, though void as to the *bona fide* creditors of the defendant, was yet valid as to the parties to it, and therefore that it was competent for the claimant to show before the commissioner that the plaintiff was not a *bona fide* creditor of the defendant, but was merely prosecuting the suit for the latter's benefit.

In an action brought by way of the trustee process, the commissioner has no authority to hear and determine the rights of the claimant.

This case was referred to a commissioner who proceeded on the 28th of December, 1854, to take the disclosure of the trustee, and to hear the proofs offered by the plaintiff and the claimant,

The claimant on that occasion protested that the commissioner had no authority in law to hear and pass upon his claim but that the same ought to be tried in the county court. The hearing of the cause before the commissioner was continued from time to time till March 10, 1856, when an additional commissioner having been appointed, the case was heard and the commissioners found and reported the following facts :

In December, 1850, the defendant was in embarrassed circumstances, and in order to protect certain articles of his personal property from attachment, it was agreed between the defendant, the claimant, (to whom the defendant was then and still is indebted,) and the trustee, that a fictitious sale of this property should be made in the name of the claimant to the trustee. Accordingly the claimant executed to the trustee a bill of sale of said property, dated December 16, 1850, and the trustee executed his note to the claimant for one hundred and ninety dollars. The trustee took possession of the property and has ever since had it under his control, and the note went into the hands of the claimant, who has ever since retained it. The commissioners found that there was no other consideration for this note than as above stated, and accordingly reported that the trustee was indebted to the principal debtor in the sum of two hundred and six dollars, being the value of the property so received by the trustee.

The claimant offered to prove before the commissioner that the plaintiff was not, at the time of the hearing before them, nor at the commencement of this suit, a *bona fide* creditor of the defendant, but that the suit was commenced and prosecuted by the plaintiff for the *sole* benefit of the defendant, and at the latter's request, to enable him to reach the funds, claimed to be in the trustee's hands, by the trustee process. The plaintiff objected to the admission of this testimony, and it was rejected by the commissioners.

The county court, at the March Term, 1856,—POLAND, J. presiding,—upon a hearing on the report, adjudged the trustee chargeable for the amount reported by the commissioners, to which the claimant excepted.

*Peck & Colby*, for the claimant.

*Merrill & Willard*, for the plaintiff.

The opinion of the court was delivered by

REDFIELD, Ch. J.    The only questions in the present case arise upon the claim of the claimant.

The facts reported by the commissioners show that the claimant by an arrangement between him, the principal debtor and the trustee, was agreed to be held out as the real owner of the property, which in fact belonged to the principal debtor, and that the claimant was to sell it to the trustee and take his note for the price agreed, one hundred and ninety dollars.    This arrangement was carried into effect and is one which is void as to the *bona fide* creditors of the vendor, existing at the time, but is entirely valid as to the parties to it.

The plaintiff claims to hold this property on the ground that he is a *bona fide* creditor of the vendor, of a date anterior to the claimant's note.    This the claimant offered to show was not the fact, by proof, that this suit was commenced, and is prosecuted for the sole benefit of the defendant.    This testimony was not received.    In this we think there was error.

This was a material question in the case, and unless established in favor of the plaintiff, all the other testimony is of no avail.    It is the very cardinal point, the pivot upon which the whole case turns.

The judgment upon the plaintiff's claim in this action, whether rendered before or after the claimant's appearance, concludes nothing upon this question.    In all such cases there is likely to exist the form of a contract, of a date early enough to accomplish its purpose.    And it is not uncommon that this contract assumes the more solemn form of contracts, such as that of a promissory note or a judgment of a court of record.    But in either case they are of course only conclusive upon the parties to such contracts.    Upon any questions arising in regard to the creditor being *bona fide* such, at a particular date, and continuing such to the present time, the contract is but *prima facie* evidence of the fact.    It is always competent to impeach the debt, either as to it its *bona fide* character, its date, or its continuance.

For although the debt once existed, and of a date early enough to override the plaintiff's claim, yet if it has been extinguished by payment on the part of the debtor, it sinks at once into the com-

mon mass of his assets, and can not be subsequently kept on foot, as the debt of a *bona fide* creditor. If attempted to be prosecuted by the debtor himself, or for his benefit, it stands in no more favorable light than a direct claim on his part against the claimant, which we have said cannot prevail in the present case.

The remaining question is in regard to the extent of the jurisdiction of the commissioners, for there does not seem to be any satisfactory evidence in the present case, that the claimant waived any right to object to this mode of trial. He seems to have protested against the jurisdiction of the commissioners, at the earliest moment of distinct knowledge that any such claim was to be set up.

It is certain the statute of 1853 does not, in terms, confer upon the commissioners any jurisdiction to try and determine the facts in such cases, so far as the claimant is concerned, and a majority of the judges, who heard this case, incline to the opinion that the commissioner has no such jurisdiction.

If the question were submitted to my own determination, I should have some difficulty in coming to that conclusion.

The judgment of the county court is reversed, and the case remanded.