Scott *et al.* *v.* The Indianapolis Wagon Works.

———————◆———————

SCOTT ET AL. *v.* THE INDIANAPOLIS WAGON WORKS.

ASSIGNMENT OF ERROR.—*Insufficiency of Complaint.*—On appeal to the Supreme Court, it may be assigned as error that the complaint does not state facts sufficient to constitute a cause of action, although no demurrer was filed to it in the lower court.

FRAUD.—*Sale of Corporation Stock.*—*Creditor's Bill.*—Shares of stock in an incorporated company being liable by statute to levy and sale on execution, a judgment creditor may maintain an action against the judgment

Scott *et al. v.* The Indianapolis Wagon Works.

defendant and his assignee, to set aside a fraudulent sale of such stock to the latter.

PRACTICE.—*Motion to Separate.*—A motion to separate a complaint into paragraphs should state how the mover thinks it ought to be divided; a general motion to separate is too indefinite.

SAME.—*Surplusage.*—A judgment will not be reversed because of the refusal of the lower court to strike out surplusage in a pleading.

MOTION.—*Presumption.*—On motion of a defendant, the attorneys for the plaintiff were ruled to show by what authority they prosecuted the action. In answer to the rule, they filed their affidavit, whereupon the rule was discharged.

*Held,* that, in the absence of the affidavit from the record, it must be presumed that the court below did right.

JUDGMENT.—*Conclusiveness of.*—In a suit by a judgment creditor to set aside a fraudulent sale of property by the debtor, the vendee of the latter cannot call in question the judgment by setting up matters which might have been a defence to the action in which the judgment was rendered. The only question which interests him is, whether the property he has purchased shall be subjected to the payment of the judgment.

DEPOSITION.—*Notice.*—*Presumption.*—When a motion to suppress a deposition because of the shortness of the notice is overruled, the Supreme Court will presume in favor of the ruling of the court below, where it is not shown that the time between the service of notice and the taking of the deposition was unreasonably brief.

SAME.—A party to an action may take the deposition of his adversary, and may read it in evidence on the trial, notwithstanding the party examined may be present at the trial.

SAME.—*Motion to Suppress.*—A motion below to suppress parts of certain depositions will not be considered on appeal, when the record shows that a part only of the depositions objected to were read in evidence, and fails to designate what portions were so read and what were not.

JURY TRIAL.—An action by a judgment creditor to subject property fraudulently sold to the payment of his judgment, which but for such fraud would have been subject to levy on execution, is not a proceeding supplementary to execution, and the plaintiff is entitled to a jury trial.

PRACTICE.—*Deposition.*—*Party Offering Must Read the Whole.*—On the trial, the court permitted the plaintiff, over defendant's objection, to read the examination in chief of the defendant's deposition, taken by the plaintiff, without also reading the cross-examination.

*Held,* that this was error; but it appearing that the residue of the deposition was read in evidence by the defendant at a later stage of the trial, the error was cured.

NEW TRIAL.—*Certainty Required in Motion.*—Reasons for a new trial that the court erred in the admission of evidence " as shown in the bill of exceptions," and that the court erred in refusing instructions asked " as shown

in the bill of exceptions," no bill of exceptions having been filed, are too indefinite.

From the Owen Common Pleas.

*M. A. Moore* and *D. R. Eckels,* for appellants.

*F. T. Brown, T. Hanna,* and *H. Richards,* for appellee.

DOWNEY, J.—The appellee, on the 13th day of December, 1869, recovered a judgment before the mayor of the city of Greencastle, against Andrew J. Scott, for one hundred and sixteen dollars and forty cents, on a promissory note. An execution was issued on the judgment to the proper officer, and returned *nulla bona.* A transcript of the judgment, etc., was filed in the office of the clerk of the common pleas of Putnam county, and on the 28th day of April, 1870, the clerk of that court issued an execution on the transcript, and this execution was returned " no property found whereon to levy."

This was an action seeking to reach and subject to the payment of the judgment fifteen shares, of one hundred dollars each, of stock in the Greencastle Iron and Nail Factory, of which, it is alleged in the complaint, Andrew J. Scott was, on the 31st day of October, 1869, the owner, and of which, it is alleged, he then made a pretended assignment to his brother, George W. Scott, his co-defendant herein, which was false and fraudulent and without any consideration.

It is further alleged, that at the time of making the said assignment the said Andrew J. was in embarrassed and failing circumstances, owing large sums of money ; and that the assignment was made to hinder, delay, and defraud his creditors, by reason of which the assignment is void.

It is also stated that the assignment is in violation of the law relating to voluntary assignments; that the stock is of value sufficient to pay the plaintiff's debt, after allowing Andrew J. Scott what is exempt by law.

It is asked that the defendants be restrained from transferring or encumbering the said stock, that the same may be made subject to the plaintiff's claim, and for other relief.

The complaint is sworn to by an agent of the plaintiff. The defendants, the clerk states, each filed an answer of three paragraphs. The court struck out the second paragraph of each answer, which ought to leave in the record the first and third. But there is in the record no answer except a general denial for each of the defendants.

A trial by jury, after a change of venue from the Putnam to the Owen Common Pleas, resulted in a general verdict for the plaintiff and certain answers to interrogatories, by which the jury found that Andrew J. Scott was indebted to George W. Scott, at the time the shares of stock were transferred, in the sum of four hundred and fifty dollars; that the shares were not transferred to pay that indebtedness, and that the value of the shares transferred was eleven hundred and twenty-five dollars.

A motion made by the defendants for a new trial was overruled, and final judgment was rendered for the plaintiff, by which the assignment of the stock was set aside as fraudulent and the stock declared liable to be sold to pay the plaintiff's debt.

There are twenty-five particulars stated, in which, it is alleged, the court erred in the proceedings and judgment:

Counsel for appellee contend that as no demurrer is in the record, the sufficiency of the complaint is beyond question. In this they are mistaken. The twenty-fifth assignment of error is, that the complaint does not state facts sufficient to constitute a cause of action. The sufficiency of the complaint may be questioned in this way, although no demurrer to it was filed. *Mercer* v. *Patterson,* 41 Ind. 440; *Davis* v. *Perry,* 41 Ind. 305. Other cases might be cited.

In consequence of an apparent ruling of this court in *Burt* v. *Hœttinger,* 28 Ind. 214, to the effect that in a proceeding supplementary to execution, the court or judge has no power to adjudicate and settle controverted questions of right between the judgment debtor and third parties, nor to set aside a sale or conveyance of property by the debtor on the alleged ground of fraud, we have been led to consider the question whether or

not the complaint can be sustained on grounds which, under our former practice, would have warranted a bill in equity; for, if it can, then it is good as a complaint under the code.

A judgment creditor could not sustain a bill in equity to subject choses in action of his debtor to the payment of his judgment. *Williams* v. *Reynolds,* 7 Ind. 622; *Peoples* v. *Stanley,* 6 Ind. 410; *Stewart* v. *English,* 6 Ind. 176; *Totten* v. *McManus,* 5 Ind. 407; *Shaw* v. *Aveline,* 5 Ind. 380.

But the property sought to be subjected to the judgment in this case is not a mere chose in action. It is property which is subject to levy and sale upon the execution, when standing in the name of the judgment defendant. 2 G. & H. 240, sec. 337. And notwithstanding the transfer of the stock by the execution defendant, the sheriff may still levy upon and sell it, when it has been fraudulently assigned by the debtor. But the judgment plaintiff may, as in the case of a fraudulent conveyance of the real estate of the judgment defendant, file his complaint and have a fraudulent transfer or sale of personal property subject to execution set aside before a sale thereof on the execution. *Williams* v. *Reynolds, supra; The Unknown Heirs of Whitney* v. *Kimball,* 4 Ind. 546; *Taylor* v. *Jones,* 2 Atk. 600; *Weed* v. *Pierce,* 9 Cowen, 722; *Hadden* v. *Spader,* 20 Johns. 554.

We conclude that the complaint is sufficient as a complaint to set aside the fraudulent sale or transfer.

The defendants moved the court to require the plaintiff to "paragraph the complaint," by which we suppose was meant to divide the complaint into two or more paragraphs. This motion was overruled by the court. When a motion is made to compel a party to divide a pleading into paragraphs, we think the motion should state how the mover thinks the pleading ought to be divided. This motion did not do this, and for that reason was properly overruled. We do not see that the complaint should have been divided. The complaint was not double, because it stated different grounds on which the sale or assignment of the stock was invalid.

A motion was made by the defendants to strike out a

portion of the complaint which, it is insisted, was surplusage. We cannot reverse the judgment on this ground, if the fact be as alleged. *Dill* v. *O'Ferrell*, 45 Ind. 268.

The defendants appeared to the action at the June term, 1870, various steps were taken at that and subsequent terms, a change of venue was granted on this motion, and at the January term, 1872, the defendant got an order of the court, made upon an affidavit, requiring the attorneys of the plaintiff to show their authority for bringing and appearing in the action. Cause was shown by affidavit in answer to the rule, and the rule was discharged. The affidavit on which the rule was discharged is not in the record. If the question of authority of the plaintiff's attorneys was not raised too late, still we cannot re-examine it, in the absence of the affidavit on which the court acted in discharging the rule.

George W. Scott, one of the defendants, moved the court to dismiss the action as to him, on the ground of want of jurisdiction. We do not see any ground for this motion, and think it was properly overruled.

George W. Scott asked leave to file three additional paragraphs of answer, which the court refused to allow him to do. One of them denied the existence of the corporation suing, and alleged that it was not the real party in interest. Another set up that the real name of the corporation was different from that in which the judgment was recovered. The other alleged that certain persons, as agents of the corporation, sold the defendant a wagon for which the note was given; that the company refused to receive the note from them, and they had paid the company the amount by a check or draft on a third person. It is quite clear that there was no error in refusing to allow these paragraphs to be filed. The supposed defences did not arise after the rendition of the judgment which the plaintiff is seeking to enforce. If they might have been good in favor of Andrew J. Scott had they been pleaded to the action originally, they could not be.pleaded at this stage of the litigation. But the paragraphs were offered by George W. Scott. He could not set up defences to the

action on the note which Andrew J. Scott had failed to set up when sued. The question in which he was interested was, whether the stock which stood in his name should be subjected to the payment of the judgment or not. The general denial which he had already filed fully authorized him to contest the question whether the stock had been fraudulently transferred to him or not.

The depositions or examinations of Andrew J. Scott and George W. Scott had been taken by the plaintiff. A motion to suppress them was made by the defendants, and overruled by the court. The objections going to the whole depositions were the insufficiency of the notice, and because the deposition of a party cannot be taken. The notice was served on the 20th of December, 1871, to take the depositions on the 26th of the same month, at Greencastle. So far as we can see, this was sufficient. We presume the defendants were residents of Putnam county. There is nothing in the other objection. The deposition or examination of a party may be taken. *Abshire* v. *Mather,* 27 Ind. 381; 2 G. & H. 188, sec. 296.

A motion to suppress parts of these depositions or examinations was made by the defendants, and overruled by the court. Reference is made in the bill of exceptions, relating to this ruling, to the general bill of exceptions, where the whole depositions are set out. Referring to that bill of exceptions, we find that only a part of the depositions were read in evidence, the bill of exceptions stating that the residue were stricken out. Taking the two bills of exceptions together, and we must do that if the question is before us at all, for one expressly refers to the other, it is impossible for us to tell with any certainty whether the parts to which objection was made were read in evidence or not. If the parts to which objection was made were not read, then the defendants were not harmed, and cannot complain. *Smith* v. *Smith,* 3 Ind. 303.

It is objected that the court erred in allowing a trial by jury, but it is conceded that if the case is not to be regarded as a proceeding supplementary to execution, the objection is not

well taken. We think the plaintiff was entitled to a trial by jury.

On the trial of the cause, the plaintiff, to make out its case, offered and was allowed to read in evidence the examination in chief of the defendants in their depositions, or written examinations, taken by the plaintiff, the defendants objecting on the ground that they were then in court and ready to testify in the cause. This, it is alleged, was an error. The statute, 2 G. & H. 176, sec. 252, provides, that " no deposition shall be read in evidence on the trial of a cause, if at that time the witness himself is produced in court, unless the deposition has been taken by the agreement of the parties, or by the order of the court." If this section is applicable to the case, it would seem to be decisive of the question. But this is not the only statute bearing on the question. The deposition or examination of a party to an action may be taken by his adversary, according to sec. 296, p. 188, 2 G. & H., upon notice to the party to be examined, and any other adverse party, of at least five days; and the examination or deposition so taken may be read by the party taking it or not, at his option. Notwithstanding the law has been so changed as to make the parties to an action witnesses in almost all cases, this statute is still in force, and it seems to authorize the ruling of the court in this case. The depositions or examinations appear to have been taken in accordance with this statute. See *Mason* v. *Weston*, 29 Ind. 561.

The court, over the objection of the defendants, permitted the plaintiff to read in evidence the examination in chief in the depositions or examinations of the defendants taken by them, without reading also the cross-examinations, remarking that the defendants might read the cross-examinations when they came to introduce their evidence. In our opinion, this was not a proper practice. The whole deposition or examination should have been read in evidence. The examination in chief, the cross-examination, and the re-examination should have been put in evidence, so that it could have been seen to what extent one part of the examination controlled or modi-

fied the other. In this way, the jury or court will get the testimony of the witness substantially as if he were examined, cross-examined, and re-examined in their presence and hearing. The rule is thus stated in *Southwark Ins. Co.* v. *Knight,* 6 Whart. 327, and *Barton* v. *Morphis,* 4 Dev. 240. But we find from an examination of the bill of exceptions, that the defendants read, when they came to adduce their evidence, the parts of the depositions not read by the plaintiff. We are inclined to the opinion that this left no substantial error with reference to the reading of the depositions.

It was urged as a reason for a new trial, that the court erred in the admission of evidence against the defendants, over their objection, " as shown in the bill of exceptions." This reason for a new trial, referring to the bill of exceptions not yet made, must be held to be too indefinite.

The reason for a new trial in refusing charges asked by the defendants, " as shown in the bill of exceptions," was also too indefinite for the same reason. A reason for a new trial based on the refusal to give instructions must, in some proper manner, identify the instructions to which it refers.

Exception was taken to the giving of certain instructions by the court to the jury. We have carefully examined these instructions, but do not deem it necessary to set them out in this opinion. We are quite clear that the defendants have no good ground to complain of them. Indeed, it was thought in consultation that some of them were more favorable to the defendants than they ought to have been.

The sufficiency of the evidence to justify the verdict of the jury is questioned by the appellant. We think, however, that the evidence is such that we cannot reverse the judgment on this ground. We do not find in the record any ground on which we think the judgment should be reversed.

The judgment is affirmed, with costs.

Opinion filed May term, 1874; petition for a rehearing overruled November term, 1874.