## MINNESOTA THRESHER MANUF'G CO. v. SCHAACK.

Where there is an appeal from an order striking out, as irrelevant, certain parts of the answer, and the abstract does not contain the defenses remaining, it will be presumed that the matter stricken out was redundant, and that the other allegations of the answer require no aid therefrom.

(Opinion filed Aug. 5, 1896.)

Appeal from circuit court, Codington county. Hon. J. O. ANDREWS, Judge.

Action to set aside a sale of real and personal property, as in fraud of creditors. From an order striking out parts of the answer, defendant appeals. Affirmed.

The facts are stated in the opinion.

*Glass & Hanten*, for appellant.

The appellant (the alienee of respondent's debtor) from whom it is sought to recover property, may show that there

was in fact no existing indebtedness, by alienor to respondent, at the time of purchase of the property alleged to be disposed of fraudulently.. Clark v. Anthony, 31 Ark. 549; King v. Thorp, 26 Iowa 283; Esty v. Long, 41 N. H. 103; Thomas v, Rembert, 63 Ala. 561; Fulton v. Woodman, 54 Miss. 158.

*E. B. Korns,* for respondent.

In alleging facts in a pleading it is not proper to state such circumstances as merely tend to prove the truth of facts. Vermilye v. Vermilye, 21 N. W. 736; 1 Estee § 199; Bliss Code Pl. (2nd Ed.) § 140. A breach of warranty does not authorize a buyer to rescind an executed sale. § 3645, Comp. Laws; Hull v. Caldwell, 54 N. W. 100. Mere matters of evidence inserted in a pleading will render it objectionable and redundant. 2 Wait's Pr. 481. See, also, § 485, Id. Where a portion of an answer is ordered stricken out for redundancy and contains allegations that might be proven under the remaining portions of the answer, the order is not prejudicial, does not involve the merits, and is therefore not appealable. Carpenter v. Reynolds, 17 N. W. 300. See, also, Vermilye v. Vermilye, *supra*; Sloteman v. Mack, 21 N. W. 527. .

FULLER, J. This is an appeal from an order of the trial court striking out, as irrelevant and redundant, certain matter set up as a defense to the complaint, which states, among other things, that one Johann Schaack, the husband of defendant, on the 11th day of August, 1893, for a valuable consideration, became indebted to plaintiff in the sum of $2,245, evidenced by certain promissory notes of said Schaack, upon which a judgment for $1,918.90 was duly obtained and docketed on the 7th day of November, 1894; that the judgment roll in said action was thereupon duly filed; and that $1,561.43 of said judgment remains unsatisfied, in full force, and the property of plaintiff. It further appears from the complaint that, when the indebtedness was incurred, said Johann Schaack was perfectly solvent and owned a large amount of valuable real and personal property.

which he thereafter transferred, without consideration to his wife, the defendant herein, who at the time well knew that the pretended sale was being made by her husband without consid eration, for the sole purpose of hindering, delaying and defrauding plaintiff and other creditors of said Johann Schaack; "that on the 20th day of April, A. D. 1895, this plaintiff caused an execution to be issued out of said court upon said judgment unpaid, against the property of said Johann Schaack, which execution on the 4th day of May, 1895, was by the sheriff of said county returned wholly unsatisfied; that the said Johann Schaack is wholly insolvent, and has no property whatever liable to execution to satisfy the same." The property, both real and personal, thus transferred to defendant is specifically described in the complaint, which contains a prayer that the conveyance of real and personal property above mentioned be decreed to be without consideration, fraudulent in fact, and therefore null and void as to creditors, and that the deed and bill of sale thereof be set aside and the property therein described be subject to the payment of plaintiff's judgment.

If the alleged defenses, eliminated from the answer, are either irrelevant or redundant, the order appealed from must be affirmed; and, as appellant has entirely omitted from the record what he denominates as a first and second defense to respondent's complaint, it cannot be presumed, in order to reverse the trial court, that the stricken portions of the answer, consisting of material admissions, evidential statements, and conclusions of law, are not, withall, superabundant, when considered with the averments of the first and second defenses set up in the answer, upon which the order appealed from is based, but which do not appear in the abstract before us.

Under the view we have taken, it will not be necessary to state the evidential and argumentative matter stricken from the answer, nor determine whether any portion thereof would be relevant as evidence upon the trial of any issue material to the case as made by the pleadings. For the purposes of this ap-

peal, and in the absence of any opportunity to examine appellant's answer, it will be presumed that the matter stricken out was redundant, and that the allegations of the first and second defenses require no aid therefrom. Without the entire answer before us, we cannot say that the trial court abused its discretion in making the order appealed from, and the same is affirmed.