## MINNESOTA THRESHER MANUFACTURING CO. V SCHAACK.

1. Where there is an appeal from an order striking out certain parts of the answer as irrelevant the abstract of record need not contain the remaining defenses, since Comp. Laws, § 4915, makes each defense complete in itself.

2. In an action to set aside a sale as in fraud of plaintiff, a judgment creditor, the defendant cannot impeach a judgment rendered in a court of competent jurisdiction in favor of plaintiff and against her husband, the vendor, by setting up matters which might have constituted a defense to that action, and which were or might have been tried therein, unless fraud or collusion in obtaining such judgment is shown.

(Opinion filed March. 5, 1898.)

Appeal from circuit court, Codington county.    Hon. J. O. ANDREWS, Judge.

On rehearing.

Action to set aside a sale of real and personal property, as in fraud of creditors.    Defendant appealed from an order striking out parts of the answer.    In an opinion filed August 5, 1896, the order was affirmed.    9 S. D. 184, 68 N. W. 287.    On this rehearing the former opinion is modified, but the decision is adhered to and the order of the trial court affirmed.

*Glass & Hanten,* for appellant.

*E. B. Korns,* for respondent.

CORSON, P. J.    This case was decided at a former term of this court, and is reported in 9 S. D. 184, 68 N. W. 287.    Upon a proper petition, a rehearing was granted.    It will be observed that, in affirming the order appealed from, we proceeded upon the theory that, as the whole answer of the defendant was not before us, we could not properly determine whether or not the

parts of the answer stricken out were irrelevant or redundant, and we therefore indulged the presumption, in order to sustain the order of the court, that the parts stricken out were either redundant or irrelevant.   In taking this view we were in error, and inadvertently overlooked the broad and comprehensive provisions of our Code which authorize a defendant to set forth, by answer, as many defenses and counterclaims as he may have, subject only to the condition that they must each be separately stated and refer to the cause of action they are intended to answer.   Comp. Laws, § 4915.   Each defense, therefore, must be treated as complete in itself and considered independently of any other defense.   Stebbins v. Lardner, 2 S. D. 127, 48 N. W. 847.   Taking this view of the defense set out, it becomes necessary to examine the parts of the defense stricken out in connection with those parts of the same defense not affected by the order.   As will be noticed, by reference to our former opinion, the respondent, plaintiff in the court below, recovered a judgment against Johann Schaack, for $1,918.90 upon a note executed in August, 1893, and the respondent brings this action to set aside a conveyance of about 400 acres of land, which, respondent alleges, said Johann Schaack fraudulently made to his wife, Anna Schaack, the appellant, on September 25, 1893.   The third defense states, in effect, that respondent sold to Johann Schaack, prior to September, 1893 (printed in abstract 1895, evidently by mistake), a threshing machine outfit for $2,395, for which said Schaack executed notes and a chattel mortgage on the machinery.   Then follow the allegations which were stricken out:   ''That said property was not fit to do the work for which it was constructed, as the plaintiff well knew at the time he sold said property to said Johann Schaack; that said Johann Schaack did not and could not make said property do the work for which it was constructed, and for which purpose it was purchased, and said machinery was wholly unfit to do threshing, and was set aside by said Johann Schaack, and said Johann Schaack offered to

return said machinery upon surrender of his notes; that said Johann Schaack believed that his contract of purchase allowed him to thus return the machinery and obtain his notes from said plaintiff corporation on the return of the machinery to it; that said Johann Schaack did not on the 25th day of•September, 1893, owe said plaintiff the amount of $2,245, or any sum whatever, and the said defendant did not know that said Johann Schaack was indebted to said plaintiff corporation on said machinery for the purchase price thereof, or in any sum whatever, but believed that said machinery could be returned to said plaintiff, and the notes given would be returned." Appellant then alleges that after the 25th day of September, 1893, the said respondent wat adjudged to be the owner of certain of the property, and that Schaack was entitled to a return of his notes for the value thereof, being $625; that respondent was given judgment for the balance due on said notes; that Schaack was adjudged to be the owner of the balance of the machinery converted to said respondent's possession, and now is in its possession. The plaintiff then makes the following allegation, stricken out: "And said machinery now is, and always was, of the same value as when sold, and the said plaintiff's claim against said Johann Schaack is not, and never was, of any greater amount than the costs of the action brought by said plaintiff against said Johann Schaack, and being of the amount of the agreed price for the Minnesota Thresher-Machine Company separator and horse power owned by said Johann Schaack, and taken by said plaintiff in part payment of said machinery so purchased, and to the amount of $150." The remaining part of the third defense need not be stated.

It will be observed that the appellant, in effect, seeks to impeach the judgment recovered by the respondent against Schaack, by setting up matters which might have constituted a defense to that action, and which were or might have been tried therein. Howard v. City of Huron, 5 S. D. 539, 59 N. W. 833; Id., 6 S. D. 180, 60 N. W. 803. The issues as to whether

or not the machinery was fit to do the work for which it was constructed, and as to whether or not there was anything due the respondent, were necessarily and directly involved in that action. The question is therefore directly presented to us as to whether or not the appellant, in this action, can impeach the judgment in the former suit by showing that the amount for which the former judgment against Schaack was rendered was not in fact due, without any allegation that the judgment was obtained by fraud or collusion. Undoubtedly, a judgment rendered by a court without jurisdiction, or by fraud or collusion, can be impeached by a grantee of the debtor. This seems to be settled law. Such grantee may also show that the debt for which the judgment was recovered accrued subsequently to the conveyance to him, or that the plaintiff prosecuted the action against the debtor for the benefit of such debtor. Mattingly v. Nye, 8 Wall. 370; Boutwell v. McClure, 30 Vt. 674.

As to the conclusiveness of a judgment rendered by a court of competent jurisdiction, in the absence of fraud or collusion, in an action against an alleged fraudulent grantee, the authorities are conflicting. We are of the opinion, however, that the weight of authority is decidedly in favor of its conclusiveness, and, in the absence of an allegation or proof of collusion or fraud, a judgment, when rendered, by a court of competent jurisdiction, and in the regular course of judicial proceedings, is conclusive evidence of the debt and its amount, and that the party in whose favor it was rendered stands in a relation to be affected and injured by the conveyance. There may have been error or irregularity in its rendition, or laches in making a defense against it, but these questions are determined by the judgment, and they cannot be retried in a collateral proceeding against the grantee. Sidensparker v. Sidensparker, 52 Me. 481; Swihart v. Shaum, 24 Ohio St. 432; Candee v. Lord, 2 N. Y. 269; Wingate v. Haywood, 40 N. H. 437; Pickett v. Pipkin, 64 Ala. 520; Ferguson v. Kumler, 11 Minn. 104 (Gil. 62); Scott v. Wagon Works, 48 Ind. 75; Strong v. Lawrence, 58 Iowa 56,

12 N. W. 74; Bump. Fraud. Conv. (3d Ed.) pp. 576, 577; Freem. Judgm. § 418. The judgment in favor of respondent was rendered by a court of competent jurisdiction in the regular course of judicial proceedings; the defendant, Schaack, so far as the record discloses, having full opportunity to interpose all the defenses he may have had, and no fraud, collusion, or want of good faith is alleged. Whether the court was in error in rendering the judgment, or whether any defenses could have been made that were not made, which might have reduced the amount of the judgment, are not open to inquiry in this action.

The second paragraph stricken out presents a more difficult question. The intention of the pleader is not entirely clear. It would seem, from the preceding paragraph, that a part of the machinery sold Schaack by respondent was recovered from Schaack in the former action; and the pleader, in the paragraph under consideration, seeks to raise the issue that the appellant was not allowed a sufficient deduction for the machinery so taken by the respondent. If we are right in our construction of the paragraph, that was a matter that could have been litigated in the former action, within the principle announced as to the former paragraph. But, in any view, the striking out of the paragraph does not constitute reversible error, as substantially the same facts are set up in the latter paragraph of the defense, not stricken out. These conclusions lead to an affirmance of the order of the circuit court. We assume in this case, without deciding, that the order striking out a part of the defense is an appealable order, as no motion was made to dismiss the appeal upon the ground that the order was not appealable, though counsel for respondent suggests in his brief that the same is not appealable. The order of the circuit court is affirmed.