## BANK OF IOWA & DAKOTA v. PRICE *et al.*

1. Notes secured by a chattel mortgage were assigned to different persons, one of whom took the property thereunder. In an action brought by all the holders of the notes to foreclose, the mortgagor interposed a counterclaim for damages for the negligent keeping of the property for a certain period; and the court found negligence for part of the period, and assessesed the damages therefor. *Held,* that the finding is a determination that the amount assessed was all the damages sustained by the mortgagor, and an assignment of error that the court made no finding on such counterclaim is erroneous,

2. Where, in an action to foreclose a chattel mortgage on sheep, it was adjudged that plaintiff, who seized them, was not entitled thereto, and he thereupon notified the mortgagor that he held them subject to his order, but the mortgagor failed to indicate that he would accept possession, such failure constitutes an implied promise to pay the reasonable value of their keep from the time of the notice.

(Opinion filed September 2, 1899.)

Appeal from circuit court, Sanborn county. Hon. FRANK B. SMITH, Judge.

Action by the Bank of Iowa & Dakota, a partnership, against M. M. Price and another, to foreclose a chattel mortgage. From a judgment in favor of plaintiff, defendant M. M. Price appeals. Affirmed.

*T. H. Null* and *N. J. Dunham*, for appellant:

*A. B. Kittredge* and *John T. Kean*, for respondent.

Corson, P. J. This is an action commenced by the plaintiffs, as co-partners doing business under the firm name and style of the Bank of Iowa & Dakota, against John Oliver and M. M. Price, as defendants, to foreclose a chattel mortgage given by the said Price to one C. D. Tidrick. In the month of March, 1895, the defendant M. M. Price contracted with the said C. D. Tidrick for 840 head of sheep. Tidrick, to fill his contract with Price, purchased of defendant Oliver 670 head of sheep, and of another man 170 sheep. These 840 sheep Tidrick delivered to Price, taking Price's notes to the amount of $3,050, secured by a chattel mortgage on all the said sheep. In settling with Oliver for the 670 sheep purchased of him, Tidrick assigned to Oliver three of the Price notes, amounting to $2,325. The balance of the Price notes were assigned by Tidrick to the plaintiffs in this action. Oliver answered the complaint of the plaintiffs, and also filed a cross bill against the defendant Price, in which he also sought to foreclose the mortgage for the amount of the notes due him, and also to recover of Price the expense of feeding, taking care of, and attending to the said flock of sheep for two years or more. The case was tried by the court without a jury, and findings of fact and judgment were entered in favor of the plaintiffs and said defendant Oliver, and from this judgment the defendant Price has appealed to this court.

Respondent Oliver, in his brief, called the attention of this court to the fact that appellant's abstract fails to show that any notice of motion for a new trial was ever served, that said motion was ever made or argued, or that any order denying said motion was ever made, filed or entered in such action, and moves this court to disregard the evidence contained in the abstract. The appellant thereupon applied to this court for leave to amend his abstract, but as it affirmatively appeared from the papers upon which the application was made that the order denying the motion for a new trial had not been entered at the time the appeal was taken, this court denied the motion. The opinion upon this application is reported in 78 N. W. 1002. The question as to the sufficiency of the evidence to sustain the findings is therefore eliminated from this appeal, and will not be considered by this court. Gade v. Collins, 8 S. D. 322, 66 N. W. 466; Bourne v. Johnson; 10 S. D. 36, 71 N. W. 140; Parrish v. Mahany, 10 S. D. 276, 73 N. W. 97. The only question, therefore, to be considered, is as to whether or not the judgment is supported by the findings.

It is assigned as error that the court erred in not making any finding upon the counterclaim of the defendant Price. It appears from the nineteenth finding of fact that the court found that the defendant Oliver was guilty of negligence in feeding, caring for, and attending to said flock of sheep from the 6th of April, 1895, to the 1st of February, 1896, and as a result of such negligence the said flock of sheep was damaged, in losses of increase, losses of sheep, and deterioration of the flock, in the sum of $350; and this sum is deducted from the amount due Oliver from Price in the judgment. The court further finds that from the 1st of February, 1896, to the time

the sheep were sold, on the 7th of February, 1898, the defendant Oliver was not guilty of any negligence in feeding, caring for, and attending to the said flock of sheep. It will thus be seen that the court finds a part of the damage claimed by said Price, and such finding is equivalent to a finding that that was all the damage sustained by him. The contention of the appellant, therefore, that the court erred in not making any finding upon the counterclaim of the defendant Price, is not tenable.

It is further assigned as error on the part of the appellant that the court erred in finding as a conclusion of law that the defendant Oliver is entitled to a personal judgment against the defendant Price for the sum of $1,000 for feeding, caring for, and attending the said flock of sheep from February 1, 1896, to December 30, 1897. It is contended by the appellant that as Oliver retained these sheep in his possession without the express consent of Price, and in violation of the decree or judgment of the court, that said sheep should be returned to said Price, he cannot legally be entitled to any remuneration for the keep and care of them, during the time he so held them, and for which the court allowed him the sum of $1,000. In order to a more full understanding of appellant's contention, it will be necessary to give such of the findings of the court as relate to this subject: "(9) On the 6th day of April, 1895, said Oliver took possession of the property mentioned in said chattel mortgage, for the purpose of foreclosure, and, upon the application and at the instigation of the defendant Price, the proceedings of Oliver to foreclose said mortgage was had by action in court, which upon the trial thereof resulted in findings of fact and conclusions of law de-

ciding, in substance, that Oliver had no right to the possession of the property. or right to foreclose the mortgage, and that Price was entitled to the possession of the sheep; upon which findings of fact and conclusions of law a judgment and decree was rendered on the 16th day of October, 1897, in substance as follows: That at the time of taking the property the said Oliver had no lawful right or authority to take possession of the same for the purpose of foreclosing the mortgage, or for any other purpose, and that the defendant Price was entitled to recover the possession of the property or its value. (10) Neither the findings of fact nor conclusions of law or judgment last above mentioned, or notice thereof, was ever served upon said Oliver, and no execution has ever been issued on said judgment. (11) On January 18, 1896, the following notice was deposited in the post office by Oliver, with postage thereon prepaid, directed to the defendant M. M. Price, at Letcher, South Dakota, to-wit: 'Chamberlain, S. D., Jan. 18th, 1896. Col. M. M. Price, Letcher, S. D.—Dear Sir: I have to-day learned from my attorneys that the sheep I took under the mortgage given by you to C. D. Tidrick, and assigned to me, are awarded to your possession by the decision of the court in the foreclosure suit. I therefore notify you that I am ready at any time to turn the sheep over to your possession in compliance with the decision of the court, and that I now hold the sheep subject to your order. Yours respectfully, John Oliver.' And defendant Price, in due course of mail, on January 20, 1896, received the said notice. (12) The defendant Price, upon receiving said notice last above mentioned, took no action whatever with reference to the said mortgaged property, but allowed it to remain in the possession of Oliver ever since, without indicating in any

manner that he would accept possession of the same, and made no orders or directions concerning the same; that ten days was a reasonable time in which Price should have accepted pos session of said sheep, or otherwise taken action concerning the possession and keeping of said property." "(14) The said mortgaged property has been in the possession, care, custody, and control of the defendant Oliver from the 6th day of April, 1895, until the 7th day of Feburuary, 1898. The possession of said Oliver was without the consent, direction or participation of the plaintiff bank." "(21) The sum of one thousand dollars ($1,000) is a reasonable compensation for caring for, feeding, and attending to said sheep from February 1, 1896, to December 30, 1897." It will thus be seen that Oliver was ready and willing to turn the possession of the said sheep over to Price in compliance with the judgment or decree of the said circuit court, but, as appears from the findings, the defendant Price took no action either to enforce his judgment, or to obtain possession under the notice given him by the said Oliver. We are inclined to the view therefore, that Oliver retained possession of the sheep with the implied consent of Price, and that there was an implied promise on the part of Price to pay Oliver for the care and keep of the said sheep a reasonable sum. During the time the sheep were in the possession of Oliver there was more or less increase in the flock, and the wool from the sheep was clipped during the three years; and in the judgment of the court Oliver is required to account for this increase, the wool clipped, etc. It would seem reasonable, therefore, that Oliver should be entitled to receive from the owner of the sheep a fair compensation for the care and feeding of the same during the time he held them in his possession. The fact

that he unlawfully took them into his possession would not prevent him from subsequently, after an offer made for the return of their possession to Price in compliance with the judgment of the court, becoming entitled to pay for the care and keep of the same while they were allowed to so remain in his possession. Price, if he had so desired, could have taken the sheep into his possession at any time after the entry of the judgment. It presumptively appears from the letter constituting a part of finding No. 11 that Oliver resided at or near Chamberlain, and from the address on the letter it would appear that Price lived at or near Letcher. The court will take judicial notice that Chamberlain is in Brule county and Letcher is in Sanborn county. While it was the duty of Oliver to surrender the possession of the sheep to Price when requested so to do, yet we do not think that he was required to take this flock of sheep from Brule county to Sanborn county without a request to do so from Price. Whether or not it would have been the duty of Oliver to have taken the sheep to the home of Price, if requested to do so by him, we do not decide. We are of the opinion, therefore, that the possession of the sheep by Oliver after he notified Price of his readiness to deliver up the possession to him, and that he would hold the sheep subject to his order, was so far rightful that he was entitled to a reasonable amount for the care and keep of the same. The conclusion of the court therefore, is fully sustained by the findings and the law; and the court committed no error in awarding judgment against Price for the compensation for the keep and care of the said flock of sheep during said time mentioned, and we must presume that the evidence warranted such finding. The judgment of the circuit court is affirmed.

HANEY, J., took no part in the decision.