## PITTS *et al.* v. OLIVER.

1. T. sold P. a flock of sheep, and, to make up the number purchased some of defendant. P. executed a chattel mortgage on the sheep to T. to secure the purchase money; and T., to secure defendant, assigned to him some of the notes executed by P. T. subsequently assigned the balance of the notes and a mortgage to the plaintiffs. By agreement between all the parties, it was understood that defendant's notes were to have priority over those of plaintiffs. The notes not being paid, plaintiffs brought an action against P. to foreclose the mortgage, making defendant a party. Defendant answered the complaint, also seeking foreclosure of the mortgage, and claiming that his notes should be first paid out of the proceeds, and set up a cross claim against P. for the care of the sheep for two years; and P. made a cross claim against defendant for damages for negligence in the care of the sheep of which defendant had taken possession, resulting in the death of many of them. The issues between defendant and P. were tried, resulting in a finding of a certain sum due P. on account of defendant's negligence. The mortgaged property was sold under a judgment, and part of the proceeds, after paying defendant's claim, were paid over to plaintiff, leaving an unsetled balance, for which execution was issued against P., and returned unsatisfied, *Held*, that the judgment was no bar to an action by plaintiffs against defendant, for damages arising from his negligence, since the question of plaintiffs' right to such damages could not have been litigated in the former action.

2. The acceptance by plaintiffs of the surplus over the amount of defendant's claim did not estop them from thereafter bringing an action against defendant for damages suffered by them in consequence of his negligence in the care of the sheep.

(Opinion filed August 29, 1900.)

13 S. D.— 36

Appeal from circuit court, Brule county. Hon. FRANK B. SMITH, Judge.

Action by G. W. Pitts and others, co-partners as the Bank of Iowa & Dakota, against John Oliver. From an order denying plaintiff's motion to strike certain paragraphs from defendant's answer, they appeal. Reversed.

The facts are stated in the opinion.

*Wright & Huddle,* for appellants.

Where a second action between the same parties is upon a different claim or demand, the judgment in the prior action only applies to the issues controverted. Noyes v. Belding, 6 S. D. 629; Howard v. Huron, 6 S. D. 180. The issues must be within the pleading. Seiberling y. Mortenson, 10 S. D. 646.

In order that *res adjudicata* should be available, either as a bar or an exception, it is necessary that there should have been in the former action the same thing as the subject matter of the litigation, the same quantity, the same right, the same ground of action, the same person suing and in the same capacity. Bigelow on Estoppel, 2nd Ed. p. 6; Welch v Phelps, 20 N. W. 840; Bank v. Sherland, 21 N. W. 200; Densmore v. Toiner, 15 N. W. 734; Linton v. Crosby, 10 N. W. 342; O'Brien v. Krenz, 30 N. W. 458; McGourkey v. Railroad, 13 Sup. Ct. 170.

*A. B. Kittredge,* for respondent.

The doctrine of *res adjudicata* applies not only to all matters put in issue, but also to those which ought to have been put in issue. Minnesota v. Schack, 74 N. W. 445; Wells *Res Adjudicata,* 198; Simes v. Lane, 24 Pa. St. 242; Rockwell v. Langley, 19 Pa. St. 502; Dunham v. Bower, 77 N. Y. 76; Mayhew v. Robinson, 10 How. Pr. 162; Hall v. Hall, 30 How. Pr. 51; Benjamin v. Railroad, 49 Barber, 441; Bliss on Code Pl. 345; Rogers v. Higgins, 57 Ill. 244.

CORSON, J. This is an appeal from an order denying plaintiff's motion to strike out paragraphs 4 and 6 from the defendant's answer. The action was brought by the plaintiffs to recover of the defendant damages for neglecting to take proper care of a flock of sheep which had been mortgaged to the plaintiffs and defendant, by which plaintiffs sustained damages to the amount of $851.10. The paragraphs sought to be stricken out from the answer are as follows: "(4)   *   *   *   And this defendant alleges, as a bar to the cause of action set out by the plaintiffs in this suit, that in the action above described, then pending in said court between said parties, and for the same causes of action as those set forth in the complaint herein, findings of fact and conclusions of law were duly made and given, and thereon judgment was duly given and entered of record, as appears by said findings of fact, conclusions of law, and the rendition and entry of said judgment which was given to this plaintiff; and said judgment has not been reversed, and this plaintiff has not appealed therefrom. And this defendant further alleges that in said action between the parties aforesaid the court had jurisdiction over the subject-matter, as well as said parties, and the questions of fact were the same as in this action, and were necessary to its decision, and in fact were or might have been, litigated in said action, and were comprehended and involved therein, and all of said facts were well known to the plaintiff at all times, and said hearing and judgment were rendered upon the merits of the action. The defendant expressly denies each and every allegation in said paragraph No. 7 of plaintiff's complaint, except as hereinbefore admitted or qualified." "(6) This defendant, for a further and separate defense to the plaintiffs complaint herein, and as an

estoppel, repeating the admissions, denials, and allegations contained in Paragraph 4 of this answer, alleges that among other things found by the court was that 'from April 6, 1895, to February 1, 1896, this defendant was guilty of negligence in feeding, caring for, and attending to said sheep, and as a result of such negligence the said flock of sheep · was damaged, in losses of sheep<sup>2</sup> and losses of increase and deterioration of the flock, in the sum of three hundred fifty dollars,' and that the court rendered judgment reducing this defendant's lien, which was superior to the lien of this plaintiff, to the extent of the said sum of three hundred fifty dollars, and that this plaintiff received benefit to that extent, and has acquiesced therein, by not appealing, and by receiving the amount left after satisfying this defendant's lien."

This is the third appeal to this court of this case, and the facts involved are stated in the decisions on the former appeals, which are reported in Bank v. Price, 9 S. D. 582, 70 N. W. 836, and *Id.*, 12 S. D. 184, 80 N. W. 195. It is stipulated by the parties that, in order to raise the questions presented, the defendant is not required to set out in full, or by exhibits, the record, files, proceedings, including the pleadings, findings of fact, conclusions of law, final judgment, or other papers, in the former case, but the same shall be deemed to be a part of the plea of *res judicata* by reference, and shall be looked to in de-termining said questions with like force and effect as though the same were set out in full in defendant's answer. In order that the questions presented by the defenses sought to be stricken out may be understood, a brief recapitulation of the facts and pleadings involved in the former suit will be made: In 1895 one Tidrick sold to M. M. Price a flock of 840 sheep.

To make up the number, he purchased of Oliver 670 sheep. Price executed a chattel mortgage on these sheep to Tidrick to secure the amount of the purchase money, and Tidrick, to secure Oliver for the value of the sheep purchased of him, assigned to him notes executed by Price for about $2,300. Tidrick subsequently assigned the balance of the notes and the mortgage to the plaintiffs, but, by an agreement between the plaintiffs and Tidrick, Oliver's notes were to have priority over those of the plaintiffs in payment. The notes not being paid. the plaintiffs brought an action against Price to foreclose the chattel mortgage, making Oliver a party to the action. Oliver answered the complaint of the plaintiffs, also asking the foreclosure of the chattel mortgage, and claiming that his notes should be first paid out of the proceeds of the mortgaged property, and in his answer he set up a cross claim against Price for the care of the sheep for nearly two years. Price, in his answer to this cross claim, made a counter claim against Oliver for damages for negligence in the care and keep of the sheep, of which sheep Oliver had wrongfully taken possession, by reason of which a large number of sheep had died. These issues between Oliver and Price were tried by the court, and resulted in a finding in favor of Oliver for $1,000 for the care and keep of the sheep. less $350 found in favor of Price for negligence in keeping the sheep. A judgment was thereupon entered for the sale of the mortgaged property, and $180 of the proceeds, after paying Oliver's claim, was paid over to the plaintiffs, leaving an unsettled balance of about $850, for which execution was issued against Price, and returned wholly unsatisfied. The action of the plaintiff was to recover the amount due upon the notes described in the complaint, and to foreclose the chattel

mortgage given to secure the same; and no relief was claimed against Oliver, except in so far as the distribution of the fund realized upon the sale of the mortgaged property was concerned, and no personal judgment of any kind was asked for as against Oliver. Therefore no issue involving any question of damages by reason of the negligent care and custody of the sheep on the part of Oliver was presented by the plaintiffs' complaint; the only issue upon that question being raised by the two defendants, Oliver and Price. The present action is, therefore, in our view of the case, upon an entirely different cause of action from that presented by the original complaint and answer, as between the plaintiffs and Oliver. The question of damages, therefore involved in this case, could not have been properly litigated in the former action, as between the plaintiffs and defendant Oliver.

In Howard v. City of Huron, 6 S. D. 180, 60 N, W. 803, this court quoted with approval from the opinion of the supreme court of the United States in Cromwell v. Sac Co., 94 U. S. 351, 24 L. Ed. 195. The distinction is made in that case between the effect of a judgment as a bar or estoppel in the same action and as a bar or estoppel in another action. In that quotation is the following: "It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose, * * * The language, therefore, which is so often used, that a judgment estops, not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is

strictly accurate, when applied to the claim or demand in controversy. Such demand or claim, having passed into judgment, cannot again be brought into litigation between the parties in proceedings at law upon any ground whatever. But, where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue, or points controverted, upon the determination of which the finding or verdict was rendered. In all cases therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising upon a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action." In Russell v. Place, 94 U. S. 606, 24 L. Ed. 214, that learned court uses the following language: ''It is undoubtedly settled law that a judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in an another suit between the same parties. But, to this operation of the judgment it must appear, either upon the face of the record, or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. If there be any uncertainty on this head in the record,—as, for example, if it appear that several distinct matters may have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was thus litigated, and upon which the judgment was rendered—the whole subject-matter of the action will be at large, and open to a new contention, unless this uncertainty be removed by extrinsic

evidence showing the precise point involved and determined.
To apply the judgment, and give effect to the adjudication
actually made, when the record leaves the matter in doubt,
such evidence is admissible." Again, in Davis v. Brown, 94
U. S. 423, 24 L. Ed. 204, that court uses the following language:
"When a judgment is offered in evidence in a subsequent ac-
tion between the same parties upon a different demand, it oper-
ates as an estoppel only upon the matter actually at issue and
determined in the original action; and such matter, when not
disclosed by the pleadings, must be shown by extrinsic evi-
dence." In Frem. Judgm. § 253, that learned author states
the rule as follows: "But in a subsequent action involving a
different subject-matter, the former adjudication cannot be re-
lied upon, unless it appears, not that the issue now presented
was presented, and ought to have been litigated, in the prior
action, but, further, that it was litigated and decided, as well
as involved." The distinction is clearly shown in the case of
Terrerri v. Jutte, 159 Pa. St. 244, 28 Atl. 255. In that case a
party who had acted as superintendent of a stone quarry
brought an action to recover his salary, and obtained judgment
therefor, which was paid by the defendant. Thereafter he
brought a second suit to recover for board furnished, supplies
bought, and money paid while acting as superintendent of the
company; and it was contended in that case that the first judg-
ment was a bar to the second suit, but this contention was held
untenable by the supreme court of Pennsylvania. That court,
in its opinion, says: "If the contract was as he testified—that
defendants agreed to pay him $100 per month for his services
of superintendent of their quarry,—he had an undoubted right
to bring suit for that, as a distinct and independent claim,

which had no necessary connection with either of the items of claim embraced in this suit. He was not bound, under penalty of forfeiting his right to the latter items, to include them in his suit for services as superintendent. Authority for so plain a proposition as that is unnecessary. The transcript of the justice before whom that suit was brought clearly shows that plaintiff's claim was for services at defendants' stone quarry, 'two months and twenty days, at one hundred dollars per month, amounting to two hundred and sixty-six dollars.' " The distinction, therefore, would seem to be that in a second action upon the same claim or demand the former judgment, if rendered upon the merits, constitutes an absolute bar to the second action, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. The judgment is as conclusive, so far as future proceedings at law are concerned, as though the defenses which might have been made, but were not, never existed. Howard v. City of Huron, *supra*; Manufacturing Co. v. Schaack, 10 S. D. 511, 74 N. W. 445. But, when the second action between the parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to matters in issue or controverted, upon the determination of which the findings or vedict was rendered. It is not enough even that it appears that the issue presented in the latter suit was presented and ought to have been litigated in the former, but it must appear further that it was litigated and decided, as well as involved.

The fact that in the former case there was a controversy between Oliver and Price as to a question of damages would

not, in our view of the case, affect the plaintiff in this case. That controversy was between the two defendants in the action, and the plaintiff could not, it seems to us, be concluded by that controversy. So far as the plaintiffs are concerned, they are only bound by the determination of the action upon the issues presented as between themselves and the defendant, Oliver. They cannot be concluded or bound by issues present ed and litigated by Oliver and Price. Nor do we think that the fact that the plaintiffs received a part of the money arising from the sale of the mortgaged property should affect their rights in this action. As assignees of part of the notes and the chattel mortgage, they were entitled to a part of the money arising from such sale, and their receipt of a portion of the same does not necessarily make them parties to the litigation between Oliver and Price. No authority has been called to our attention, holding that a plaintiff is necessarily concluded by the result of litigation between co-defendants, and we are unable to discover any reason why they should be so concluded. Ordinarily a plaintiff is bound only by a judgment directly between himself and the adverse party, and we can see no reason for extending the rule so as to conclude a party by a judgment between co-defendants, in which litigation he takes no active part. Our conclusion is, therefore, that the court erred in refusing to strike out the paragraphs referred to, and the order of the court denying the motion is reversed.

HANEY, J., took no part in the decision.